587 P.2d 1184

**STATE** of Arizona, Appellee,

v.

Robert LOPEZ, Appellant.

No. 4379.

Supreme Court of Arizona,
En Banc.

Dec. 5, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Diana M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On August 28, 1977, information was filed in the Superior Court of Maricopa County, charging the defendant-appellant, Robert Lopez, with petty theft allegedly occurring on August 9, 1977, with a prior conviction in violation of A.R.S. §§ 13–661, 13–663, 13–671(B), 13–1647, and 13–1649. Thereafter on January 11, 1978, Lopez entered into a plea agreement with the state, and pleaded guilty to the crime of petty theft with a prior conviction. The trial court accepted the plea and entered judgment against Lopez. The court suspended sentence for four years and placed Lopez on probation on the condition that he serve 90 days in the Maricopa County Jail. Appeal was timely filed and we have jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e).

The sole issue in this case concerns the chronological relationship of the prior conviction to the petty theft that occurred on August 9, 1977. The guilty plea in the prior conviction was entered on July 15, 1977, but the official judgment of guilt to the prior felony was not entered until August 12, 1977, three days after the petty theft took place. Nevertheless, the state argues that the entry of the guilty plea is sufficient for the purposes of the enhanced punishment statute, A.R.S. § 13–1649. We disagree.

The statute mandates that "[a] person who, having been previously *convicted* . . commits any crime after such *conviction*, shall be punished upon conviction of such subsequent offense as follows . . ." A.R.S. § 13–1649(A) (emphasis added). The statute further provides for substitution of the punishments prescribed therein for those prescribed for a first offense. A.R.S. § 13–1649(B). Thus, our construction of the word "conviction" will determine the applicability of A.R.S. § 13–1649 to the instant case.

The definition of the word "conviction" varies among jurisdictions and according to the purpose for which its definition is sought. *United States v. Cody,* 529 F.2d 564, 566 (8th Cir. 1976). In Arizona, for instance, the verdict of a jury before judgment may be admitted for impeachment purposes. *State v. Reyes,* 99 Ariz. 257, 265, 408 P.2d 400, 405 (1965). We held in *State v. Robison,* 99 Ariz. 241, 247, 408 P.2d 29, 33 (1965), that a defendant in a robbery prosecution had suffered a former conviction for receiving stolen property though sentence for the latter offense had been suspended. On the other hand, where the defendant admitted on the witness stand that he had been convicted of a prior felony, but the court neglected to enter formal judgment of guilt for the prior conviction while entering judgment of guilt against the defendant for the subsequent offense, the enhanced punishment could not be imposed. *State v. McGriff,* 7 Ariz.App. 498, 441 P.2d 264 (1968). The court stated: "For an adjudication there must be some pronounce-

ment made by the judge in open court . . . ." *Id.* at 506, 441 P.2d at 272.

Although the statutory construction of the word "conviction" in the enhanced punishment or habitual criminal statute is a case of first impression for Arizona, this issue has been much litigated elsewhere. *E. g.*, 24B C.J.S. *Criminal Law* § 1960 (1962); Annot., 24 A.L.R.2d 1247 (1952). The authorities uniformly agree that commission of the prior offense must precede commission of the principal offense. They differ, however, on whether a prior conviction, as distinguished from commission of the offense, must precede the subsequent offense in order to increase the punishment. Some states have construed conviction to include pleas of guilty or *nolo contendere*. *E. g.*, *State v. Kramer*, 235 N.W.2d 114 (Iowa 1975); *Ellsworth v. State*, 258 Wis. 636, 46 N.W.2d 746 (1951). Others have based their decision on the literal language of their statute which employs the term "offense" instead of "conviction." *E. g.*, *Strode v. State*, 259 Ark. 859, 861, 537 S.W.2d 162, 164 (1976). The latter cases are inapplicable to the case at bar because our legislature has chosen to make convictions the yardstick for enhanced punishment.

In our survey of the construction of enhanced punishment statutes, we find persuasive those cases holding that there is no conviction under a habitual criminal statute until there has been a judgment of conviction. *E. g.*, *Gonzalez v. United States*, 224 F.2d 431 (1st Cir. 1955), *cert. denied*, 356 U.S. 913, 78 S.Ct. 672, 2 L.Ed.2d 586 (1958). Such a rule is not only easily administered by the trial courts but fully recognizes the highly penal nature of a statute providing for severer punishment on conviction of a second offense.

The case is remanded for the entry of a judgment of conviction for petty theft, and for resentencing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.