617 P.2d 530

The STATE of Arizona, Petitioner,

v.

The Honorable J. Richard HANNAH, Judge of the Superior Court, Division Twelve, in and for the County of Pima, State of Arizona, Respondent,

and

O'Neal Harris, Real Party In Interest.

No. 2 CA–CIV 3555.

Court of Appeals of Arizona, Division 2.

March 20, 1980.

Rehearing Denied April 23, 1980.

Review Granted May 13, 1980.

Affirmed, 126 Ariz. 575, 617 P.2d 527.

Stephen D. Neely, Pima County Atty., by D. Jesse Smith, Deputy County Atty., Tucson, for petitioner.

Armand Salese, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

The state brought this special action to challenge the respondent court's dismissal of an allegation of prior convictions filed against the real party in interest. We believe the trial court exceeded its jurisdiction and, because the state has no adequate remedy by appeal, we assume jurisdiction and grant relief.

The real party in interest is charged in the instant case with three Class 2 felonies, all alleged to have been committed on August 10, 1979. The prior convictions which the county attorney alleged in this case were forgery convictions entered on October 22, 1979 for crimes which occurred on November 2 and 3, 1978.

A.R.S. Sec. 13–604(B) provides:

"... a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a class 2 or 3 felony, whether a completed or preparatory offense and who has previously been convicted of any felony shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized by § 13–701 for the offense for which the person currently stands convicted, ..."

The foregoing section of the Code differs from that involved in *State v. Lopez*, 120 Ariz. 607, 587 P.2d 1184 (1978) and there is no requirement as far as Class 2 or 3 felonies are concerned that the prior conviction must have occurred prior to the date of the present offense. This conclusion is bolstered not only by the language of A.R.S. Sec. 13–604(B) but also by the language of A.R.S. Sec. 13–604(H) which states:

"Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. . . ."

A.R.S. Sec. 13–604(A) which was relied on by the trial court and the real party in interest refers only to Class 4, 5, and 6 felonies which are less serious in nature.

The order of the respondent court dismissing the allegation of the prior offenses is vacated.

HATHAWAY, C. J., and RICHMOND, J., concur.