617 P.2d 527

**STATE of Arizona, Petitioner,**

v.

**The Honorable J. Richard HANNAH, Judge of the Superior Court, Division Twelve, in and for the County of Pima, State of Arizona, Respondent,**

and

**O'Neal Harris, Real Party in Interest.**

**No. 14869–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 10, 1980.

Stephen D. Neely, Pima County Atty., by D. Jesse Smith, Deputy County Atty., Tucson, for respondent.

Armand Salese, Tucson, for real party in interest.

CAMERON, Justice.

We granted this petition for review of a decision and opinion of the Court of Appeals, Division Two, *State v. Hannah*, 126 Ariz. 578, 617 P.2d 530 (App.1980). We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S.

We must answer only one question: May a prior felony conviction be used for enhanced punishment pursuant to A.R.S. § 13–604(B), if the prior conviction is obtained after the commission of the principal offense?

The facts necessary for a disposition of this matter on appeal are as follows. Defendant O'Neal Harris was charged with three Class 2 felonies, all alleged to have been committed on 10 August 1979. At the

time of these offenses, defendant had previously committed four forgeries on 2 and 3 November 1978, but he was not convicted of these offenses until 22 October 1979. The county attorney timely alleged these offenses as prior convictions prior to trial. The trial court dismissed these allegations on the ground that prior convictions may only enhance punishment when the conviction of the prior offense occurs prior to the commission of the principal offense.

The State sought and was granted relief by the Court of Appeals in a special action which vacated the trial court's order dismissing the allegation of prior convictions. Defendant petitioned this court to review the decision of the Court of Appeals. We granted the petition in order to settle the law which has become confused as a result of the adoption of the new criminal code which became effective 1 October 1978.

A.R.S. § 13–604 provides for the enhanced punishment of dangerous and repetitive offenders. Paragraph B reads:

"B. Except as provided in subsection G of this section, a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a class 2 or 3 felony, whether a completed or preparatory offense and who has *previously been convicted* of any felony shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized by § 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two–thirds of the sentence imposed by the court has been served. Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three–fourths of the median of the allowable range. The presumptive term may be mitigated or aggravated within the range prescribed under this subsection pursuant to the terms of § 13–702, subsections C, D and E." (emphasis supplied)

As Harris' principal offenses are Class 2 felonies, and the prior convictions are felonies, A.R.S. § 13–604(B) governs his sentencing.

It is noted that A.R.S. § 13–604 covers many aspects of the sentencing of the persistent and repetitive offender. § 13–604(A), for example, is both an enhanced punishment section as well as a statute of limitations (10 years), on the use of prior offenses in sentencing. § 13–604 is not a true recidivist statute as that term is commonly understood. Recidivist statutes have usually been construed to mean that the defendant must have been convicted of the crime before the second crime was committed in order for the statute to apply. See Annotation, 24 A.L.R.2d 1247. The purpose of such recidivist statutes is to deter crime by serving as a warning to first offenders and to encourage their reformation. Our state legislature has clearly indicated that it was concerned not only with deterring the commission of crime, but also with punishing the persistent or repetitive offender regardless of when the defendant committed the other offense. The statute, § 13–604(B), refers to prior convictions and not prior offenses. So long as the defendant was convicted of the other offense before the conviction in the principal offense, the enhanced punishment provisions of § 13–604(B) are applicable. In fact, subsection H of § 13–604 makes it clear that conviction of the other offense need not occur prior to the commission of the principal offense:

"H. Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

Defendant argues that this statute should be construed to mean that when two offenses are consolidated for trial, their convictions may be counted as *separate* prior convictions for enhancement of later crimes. We disagree. Subsection H excludes the "spree offender" who commits

more than one crime in a connected series of events "on the same occasion," but includes successive but separate crimes even though the defendant could be convicted of both in a single trial. The Comment to § 703(F), now § 604(H), supports this interpretation:

"Section 703 replaces A.R.S. §§ 13–1649 and 13–1650.

"The code seeks to strengthen the sanctions of the criminal justice 'system' by isolating the dangerous and repetitive criminal for longer periods of incarceration. * * * For example, if the offender commits two robberies on two different days and the felonies are consolidated for trial, a conviction for the first robbery may be used to invoke the provisions of § 703 in the event the felon is convicted *on the second count.* However, if the offender commits a robbery, and in order to escape he or she kidnaps the victim, a consolidation of the two felonies with a conviction on the robbery would not subject this 'spree offender' to the provisions of § 703 in the event of his conviction for the kidnapping. * * * "
Arizona Criminal Code Commission, Arizona Revised Criminal Code § 703, at 96–97 (1975). (emphasis supplied)

Section 604(B) does not require that the conviction of the prior offense precede the commission of the principal offense. § 604(B) merely requires a defendant to have "previously been convicted." Defendant, however, relies on our prior case of *State v. Lopez,* 120 Ariz. 607, 587 P.2d 1184 (1978), to support his position that the prior conviction must be obtained before the commission of the second offense in order to be used to enhance the punishment for the second crime. We disagree.

The statute at issue in *Lopez,* supra, was quite different from the one we consider here. Former A.R.S. § 13–1649(A) stated:

"[a] person who, having been previously convicted * * * *commits any crime after such conviction,* shall be punished upon conviction of such subsequent offense as follows * * * " (emphasis supplied)

It clearly provided that the second offense must occur *after* the conviction upon the first offense. The present statute is not so restricted.

We affirm the decision of the Court of Appeals. The order of the trial court dismissing the allegation of prior conviction is set aside, and the matter is remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.