617 P.2d 520

Joe Nathan DAVIS, Petitioner,

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, the Honorable Robert Roylston, and Steve Neely, Pima County Attorney, Real Party in Interest, Respondents.**

No. 14860.

Supreme Court of Arizona,
In Banc.

Sept. 10, 1980.

Richard S. Oseran, Pima County Public Defender, by Dan H. Cooper, Asst. Public Defender, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty., by D. Jesse Smith, Deputy County Atty., Tucson, for respondents.

CAMERON, Justice.

This is a special action arising from the denial of petitioner Joe Nathan Davis' motion to dismiss the State's allegation of prior convictions in the Superior Court of Pima County. We have jurisdiction under Article 6, § 5 of the Arizona Constitution.

Davis' petition raises only one question: May enhancement of punishment, pursuant to A.R.S. § 13–604(H), be based on separate offenses, committed at various times and against different people, but charged in the same indictment and consolidated for trial?

Davis was indicted on 7 February 1980 for fifteen felony offenses of the same or similar character, but arising out of five separate incidents which occurred between 12 July 1979 and 8 October 1979. Each occurrence allegedly included a burglary, oral sexual contact and sexual assault; each indictment involved a different female victim. The State filed an allegation of prior convictions which notified the petitioner that the State would seek enhanced punishment based upon those convictions which were the result of offenses occurring prior in time even if the convictions were all obtained at the same trial. In other words, any convictions arising out of offenses which occurred prior to a subsequent offense might be used to enhance sentencing for convictions arising out of the subsequent offenses.

The petitioner, relying on *State v. Lopez*, 120 Ariz. 607, 587 P.2d 1184 (1978) and citing dicta in *State v. Steelman*, 126 Ariz. 19, 612 P.2d 475 (1980), challenged the allegations of prior convictions arguing that crimes charged in a single indictment cannot form the basis for "prior convictions" as the term is used in A.R.S. § 13–604. As stated in our decision in *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527, *Lopez* does not apply as the statute construed in *Lopez* is markedly different from the statute considered in the instant case. Any inference in *Steelman*, supra, that A.R.S. § 13–604 requires that there be a conviction on the prior offense before the commission of the second offense before that prior conviction

may be used to enhance the punishment for the second conviction, is, by this opinion, disapproved.

The procedure followed by the State is, we believe, specifically authorized, and its limits defined, in A.R.S. § 13–604(H), which reads as follows:

> "Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

The trial court's disposition of this matter was proper. See *State v. Hannah*, supra.

Relief denied.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.