840 P.2d 1063

**The STATE of Arizona, Appellee,**

v.

**Fidel Forten GARCIA, Appellant.**

No. 2 CA–CR 91–0859.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 8, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Colleen L. French, Phoenix, for appellee.

Harold L. Higgins, Jr., Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted of second-degree burglary and theft by control, with two prior convictions. He was sentenced to presumptive 7.5–year terms of imprisonment, to be served concurrently to each other but consecutively to a sentence imposed in another case. He raises numer-

ous issues on appeal, none of which requires reversal.

## REFUSAL OF JURY INSTRUCTION

■ Appellant's first contention is that the trial court erred in rejecting his request for a jury instruction that "mere possession of property not recently stolen does not give rise to any inference that the defendant in possession of the property stole the property." He characterizes the instruction as "the converse of the inference" that may be drawn under A.R.S. § 13–2305(1), that a person who possesses property recently stolen "was aware of the risk that it had been stolen or in some way participated in its theft." The charges against appellant were based on the burglary of a residence in December 1989, during which such items as jewelry, a typewriter, knives, guns, a camera, and a pager were stolen. Appellant's thumbprint was on the telephone that was found in the backyard. When appellant was arrested a year after the burglary, he had possession of the pager.

Section 13–1802, which defines the crime of theft, provides that the inferences in § 13–2305 apply to a prosecution under § 13–1802(A)(5) for the crime of controlling property of another, knowing or having reason to know that the property was stolen. No similar inferences apply to prosecutions under the other subsections of paragraph A of § 13–1802. Appellant was charged under § 13–1802(A)(1) with controlling the property of another with intent to deprive him of the property. As the state points out, appellant was not simply found in possession of stolen property; he was otherwise linked to the crime by his fingerprints on the telephone. Therefore, the statutory inference was inapplicable. Nor was the court required to advise the jury of the negative of such an inference. The jury was correctly instructed that theft requires proof that the "Defendant knowingly controlled another person's property" and that "the Defendant intended to deprive the other person of the property." The instruction, taken together with the other instructions, was in accordance with the law, *State v. Villafuerte*, 142 Ariz. 323, 690 P.2d 42 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1234, 84 L.Ed.2d 371 (1985), because it advised the jurors of the elements of the crime with which appellant was charged and their obligation to find all elements established beyond a reasonable doubt before they convicted him.

## PROSECUTORIAL MISCONDUCT

■ Appellant also contends that the prosecutor commented inappropriately during closing argument about a victim who did not testify, justifying reversal. Only one victim testified at trial; the witness's father, with whom the victim lived, did not testify. The prosecutor stated, "Now, you didn't hear from [the victim's father], and there is a reason for that." Defense counsel immediately objected and the objection was sustained. Even assuming, without deciding, that the comment was inappropriate, we can see no resulting prejudice. The jurors did not learn anything from this comment that they did not already know, that the victim's father did not testify. They would have assumed that there was some reason he did not testify. We fail to see how such a comment had any effect on the verdict.

■ We also reject appellant's contention that the prosecutor impermissibly vouched for the testifying victim's credibility. There was no objection below and, absent fundamental error, the issue is waived. *State v. Cook*, 170 Ariz. 40, 821 P.2d 731 (1991). We see no error, much less fundamental error. The trial occurred almost two years after the burglary. The victim initially testified that he had never met appellant. After appellant's former girlfriend testified that she and appellant had met the victim once at a swap meet while the two were looking for furniture and that they later bought furniture at his store, the victim's memory was apparently refreshed. The victim testified in rebuttal that he recalled selling furniture to appellant and a woman. In reviewing the prosecutor's comments during closing argument regarding this inconsistent testimony, we see no misconduct. The prosecutor merely

explained that the witness had corrected his prior testimony after his memory was refreshed and that the explanation showed not false testimony, but a reason for the discrepancy. The prosecutor did not place the government's prestige behind the victim nor did he suggest that information that had not been presented to the jurors supported the victim's testimony. *State v. Dumaine,* 162 Ariz. 392, 783 P.2d 1184 (1989).

■ Appellant also contends that the prosecutor improperly commented on appellant's failure to testify. During closing, the prosecutor stated that no explanation had been offered for the fact that appellant's fingerprints were found on the telephone and that he had possession of the pager. There was no objection and, again, absent fundamental error, the issue was waived. *State v. Cook, supra.* The comment was general in nature and not directed at appellant's personal failure to take the stand to provide an explanation. *See State v. Still,* 119 Ariz. 549, 582 P.2d 639 (1978). It was, as the state contends, more in the nature of a comment on appellant's failure to present exculpatory evidence in the face of strong evidence against him rather than a comment on his silence. As the state also notes, an explanation could have been given through sources other than appellant. Even assuming, however, that the comment was inappropriate, we cannot say that it deprived appellant of a fair trial.

### PRIOR CONVICTIONS TRIAL

■ Appellant also contends that the court erred in enhancing his sentence based on priors that, at the time they were established, were only guilty verdicts, not a judgment of convictions. We disagree. Appellant relies on *State v. Hooper,* 145 Ariz. 538, 703 P.2d 482 (1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986), in which our supreme court held that a prosecutor's testimony at a prior convictions trial that he had prosecuted the defendant in a foreign jurisdiction and obtained guilty verdicts was inadmissible hearsay. The court commented, in what we believe to have been dictum, that it questioned the relevance of the evidence because "only the trial court can enter a judgment of conviction." *Id.* 145 Ariz. at 549, 703 P.2d at 493. In *State v. Superior Court,* 138 Ariz. 4, 672 P.2d 956 (App.1983), this court examined the meaning of the term "conviction" under Rule 7.2(b), Ariz. R.Crim.P., 17 A.R.S, for purposes of determining when to release a defendant on bond pending sentencing. We stated there that the term must be viewed in the context "of the particular law or statute under consideration." *Id.* at 6, 672 P.2d at 958. The word is commonly understood to mean "the time when a person has been found guilty ... even though there has been no sentence or judgment by the court." *Id.*

We believe the legislature's intent in this regard is reflected in A.R.S. § 13–607, which provides that when a person "convicted of a felony offense or a violation of § 28–692" is sentenced, the court must enter a judgment of guilt and sentence. Thus, the finding of guilt is already considered a conviction. We also believe such an interpretation to be more in accord with Arizona's enhanced sentencing scheme and the case law thereunder. Section 13–604(H), for example, provides that "[c]onvictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section." If a formal judgment of conviction were required, this statute would be nullified and there could be no *Hannah* priors. *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980). Nor is that conclusion inconsistent with our decision in *State v. Green,* 119 Ariz.Adv.Rep. 23 (Ct.App. August 11, 1992). The result in that case was based solely on the clear language of A.R.S. § 13–3601(H) and the legislative intent thereby reflected. We hold, therefore, that for purposes of the enhanced sentencing statutes, the term "conviction" includes a finding of guilt by a jury.

We note that here, unlike in *Hooper,* the guilty verdicts were rendered just a few days before the trial on the instant of-

fenses; therefore, they were the only evidence of the prior convictions. Certified copies of the verdicts were admitted into evidence through the prosecutor. Thus, the evidence did not consist solely of the hearsay testimony of the prosecutor. We find no error.

Appellant raises an additional argument regarding the propriety of the proceeding on the prior convictions. He claims that when the trial court interrupted trial counsel and instructed the jury that counsel's argument that a conviction requires a formal judgment was wrong, the court not only committed reversible error because the statement was wrong but prejudiced the jury, which viewed the court as aligning itself against defense counsel. First, as we have found, the statement was accurate. Second, the record shows that the state was preparing to object at the time the court spoke. We see no error.

## EXCESSIVE SENTENCE

■ Appellant's final claim is that the presumptive terms, ordered to be served concurrently but consecutively to the 35–year sentence imposed in another cause, are excessive. Appellant cites no support for this claim, either from the record, case law, or statutory law. In any event, our review of the record shows no abuse by the court of its sentencing discretion. We note that A.R.S. § 13–708 presumes that sentences will be served consecutively to time remaining on another offense. The trial court found no reason to deviate from this statute and, based on this record, we cannot say failure to do so amounted to an abuse of discretion.

We have reviewed the entire record for fundamental error and, having found none, affirm the convictions and the sentences imposed.

DRUKE, P.J., and HATHAWAY, J., concur.