50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles J. OLTARZEWSKI, Jr., Petitioner-Appellant,
v.
Joe MARTINEZ, et al., Respondent-Appellee.
 No. 94-15751.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided March 3, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Oltarzewski appeals pro se the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo the district court's decision to deny the petition, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and we affirm.
 
 
 3
 * Oltarzewski contends that he was denied the effective assistance of counsel at the trial and appellate levels. Under the familiar Strickland test, Oltarzewski must establish both deficient performance by counsel and that that deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). The same analysis applies to ineffectiveness challenges to appellate counsel. Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989).
 
 
 4
 * Oltarzewski challenges his trial counsel's investigation of his case and argues that counsel was burdened by a conflict of interest. We find no merit in these arguments.
 
 
 5
 We agree with the district court's conclusion that Oltarzewski cannot show counsel's handling of his case prejudiced him. In light of police testimony about the speed of their response, their observations of Oltarzewski's actions inside, and the fact that no one else was seen leaving or found on the premises, there is no reasonable probability that testimony by the DES employees would have changed the outcome. With regard to other possible mystery witnesses, Oltarzewski has presented nothing from which we might conclude he was prejudiced. He therefore has failed to meet his burden.
 
 
 6
 Oltarzewski also argues that his counsel represented him while subject to a conflict of interest, thereby depriving him of his right to effective assistance of counsel. "In order to establish a violation of the Sixth Amendment ... [Oltarzewski] must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); accord United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir.1992). Oltarzewski cannot do so on the facts presented. The crossing of lines from prosecution to defense and back does not necessarily create a conflict of interest. Maiden v. Bunnell, 35 F.3d 477, 480-81 (9th Cir.1994); Garcia v. Bunnell, 33 F.3d 1193, 1198-99 (9th Cir.1994). Here, it was not even Oltarzewski's counsel who had been a prosecutor, but his colleague. Nor does the fact that Oltarzewski was preparing motions for these inmates mean that his counsel "actively represented conflicting interests." Cuyler, 446 U.S. at 350. Counsel owed no duty to anyone but Oltarzewski. "The mere possibility of a conflict of interest is insufficient to support a holding of ineffective assistance." Morris v. California, 966 F.2d 448, 455 (9th Cir.1991). Oltarzewski has alleged no more than that mere possibility.
 
 B
 
 7
 Oltarzewski argues that his appellate counsel rendered ineffective assistance by failing to present certain claims on direct appeal. We are not persuaded.
 
 
 8
 Oltarzewski's appellate counsel had no duty to raise every colorable, nonfrivolous issue suggested by his client. Jones v. Barnes, 463 U.S. 745, 751 (1983). In any event, Oltarzewski concedes that the unspecified issues he believes should have been raised, with two exceptions, were raised in his state petition for collateral relief. Because these claims were considered and rejected on the merits in those collateral proceedings, Oltarzewski can show no prejudice.
 
 
 9
 As for Oltarzewski's argument regarding the failure to challenge 1) the restitution requirement, or 2) the failure to enter a "formal judgment" on Oltarzewski's prior convictions, we find no cause. Any competent attorney would have properly recognized that each proposed claim was frivolous. Oltarzewski was convicted of burglary, and could therefore be ordered to pay restitution for damage he caused in burglarizing the DES--in this case, the broken window. See Ariz.Rev.Stat.Ann. Sec. 13-804(B). Nor does anything in Arizona's case law or its recidivism statute, Sec. 13-604, require a "formal judgment" by a trial court as to any prior offenses relied upon in sentencing.[1]
 
 II
 
 10
 Oltarzewski argues that the prosecution committed a Brady violation by waiting until three days before his trial to disclose where Officer Roberts had encountered the alleged 911 caller.[2] We find this argument baseless.
 
 
 11
 The prosecution need only disclose evidence it has if the evidence is 1) favorable and 2) material. Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Streit, 962 F.2d 894, 900 (9th Cir.1992). Evidence is only material " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Bartholomew v. Wood, 34 F.3d 870, 873 (9th Cir.1994) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). Oltarzewski has done nothing to establish that the desired information would have been favorable or material. If the prosecution had disclosed the location, and if defense counsel had been able to locate the caller or his friends, and if one of them had gotten a good look at the person who broke in, and if, in fact, that person had been someone other than Oltarzewski, then the information sought would have been favorable and material. We decline to engage in such speculation.
 
 
 12
 Oltarzewski's argument that the police interfered with his ability to contact witnesses is wholly without merit. We have no basis for concluding that the police were doing anything other than attempting to locate potentially material percipient witnesses.
 
 III
 
 13
 Oltarzewski next argues that his conviction was obtained through the use of perjured testimony. Oltarzewski offers no evidence that the statements at issue were untrue, that the witnesses knew they were untrue, or that the prosecutor knew they were untrue. Consequently, his suggestions of perjury amount to nothing more than "mere speculation." United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991). Without more, Oltarzewski's allegations do not suffice to establish the knowing use of perjury at his trial.
 
 IV
 
 14
 Oltarzewski next argues that the state court trial judge was biased against him, in violation of his due process rights. We find no proof of impermissible bias.
 
 
 15
 Judges are entitled to a presumption that they are unbiased, honest, and have integrity. See Schweiker v. McClure, 456 U.S. 188, 195 (1982); Withrow v. Larkin, 421 U.S. 35, 47 (1975). The burden is on Oltarzewski to rebut this presumption by identifying some conflict or disqualifying interest. Schweiker, 456 U.S. at 195-96. Oltarzewski has identified no such bias. The fact that the trial judge made rulings against him cannot suffice; a judge may not be disqualified based on prejudice unless that prejudice arose from something outside the pending proceedings. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Frias-Ramirez, 670 F.2d 849, 853 n. 6 (9th Cir.1982).
 
 V
 
 16
 Finally, Oltarzewski argues that the Arizona courts deprived him of due process in handling his jury instruction claim. We find no error.
 
 
 17
 Neither we nor any other circuit have ever held that the misquoting of precedent is a violation of due process. To the contrary, a state court's interpretation of prior state court decisions on matters of state law is itself quintessentially a matter of state law, and therefore not cognizable on federal habeas. See Estelle v. McGuire, 502 U.S. 62, ----, 112 S.Ct. 475, 480 (1991). We reject Oltarzewski's claim based on misquoting.
 
 
 18
 The refusal to give the criminal trespass instruction in this case also involves only an issue of state law not properly considered under Estelle. Arizona's courts concluded that as a matter of state law, second-degree criminal trespass was not a lesser-included offense of third-degree burglary on the facts of this case. We cannot review that decision.
 
 
 19
 We agree that the denial of the proposed citizen's arrest instruction could in theory raise a due process claim. See Henderson v. Kibbe, 431 U.S. 145, 154-55 (1977). However, Oltarzewski must show that " 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " Id. at 154 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); accord Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir.1992). Oltarzewski's burden is "especially heavy" because he complains of an omission, not an erroneous instruction. Henderson, 431 U.S. at 155. In light of the record in this case, the omission of an instruction on citizen's arrests could not possibly have deprived Oltarzewski of due process. Oltarzewski's case rose or fell on whether the jury believed his story about chasing a black man into the building. Based on its verdict, the jury evidently disbelieved Oltarzewski. Telling the jury about Arizona's citizen's arrest statute could not have affected that determination.
 
 VI
 
 20
 Oltarzewski's contentions are nearly frivolous. For the foregoing reasons, we affirm.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 State v. Lopez, 587 P.2d 1184 (Ariz.1978), is wholly inapposite, holding only that under a statute where a prior conviction is an element of a crime, a formal judgment must have been entered prior to commission of the remaining elements of the crime
 
 
 [2]
 To the extent that Oltarzewski means to further suggest that the prosecution should have revealed the identity of the caller or other witnesses, this argument fails because the prosecution never had this information. See United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir.1986)