952 P.2d 746

The STATE of Arizona, Appellee,

v.

Mark Weaver BROWN, Appellant.

No. 2 CA–CR 96–0345.

Court of Appeals of Arizona, Division 2, Department B.

Aug. 26, 1997.

Review Denied March 17, 1998.

Grant Woods, Attorney General by Paul J. McMurdie and Dawn M. Northup, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by Lori Lefferts, Tucson, for Ap- pellant.

## OPINION

ESPINOSA, Judge.

Appellant was convicted of two counts of sexual conduct with a minor under the age of fifteen, two counts of child molestation, and

indecent exposure to a minor under fifteen. The trial court sentenced him to consecutive terms of twenty years, thirty years, and life imprisonment, together with concurrent terms of one year and life. In the sole issue appellant raises on appeal, he contends the trial court committed error in failing to resubmit the case to the jury after it returned verdicts on both the greater and lesser-included crimes in two counts.

The trial court properly instructed the jury that it could consider the lesser-included offense of contributing to the delinquency of a minor only if it first found that the state had failed to prove beyond a reasonable doubt that appellant was guilty of the two counts of child molestation. During their lengthy deliberations, the jury sent the court a note inquiring whether they could still decide the issue of appellant's guilt on the lesser-included offense in count three if they were deadlocked on the greater offense. After consulting with counsel, the court responded: "Please refer to the court's jury instructions with specific reference to the instruction on lesser included offense." Despite the court's instructions, the jury returned verdicts on both the greater and lesser offenses on counts three and five.

When the jury returned, the court called counsel to the bench and stated, "This appears to be surplusage, but they have found him guilty of the major offense and of the minor included. I would deem that to be surplusage and just read them as they are." Defense counsel responded, "Okay." The clerk then read all the verdicts, and neither party requested that the jury be polled. The court ordered the verdicts on the lesser-included offenses set aside as surplusage and asked for comments from counsel. The prosecutor then requested that the jury be polled to make certain it had intended to convict appellant of the greater offenses. The court agreed, and each juror responded affirmatively when questioned.

■ As appellant points out, our supreme court has concluded that "the preferable

course of action" when a jury returns guilty verdicts for both the charged offense and a lesser-included offense is "to 'explain the situation to the jury, reinstruct on the law, and allow the jury to deliberate further.'" *State v. Rich,* 184 Ariz. 179, 181, 907 P.2d 1382, 1384 (1995), *quoting State v. Engram,* 171 Ariz. 363, 366, 831 P.2d 362, 365 (App.1991). In *Rich,* however, the trial court's error was failure to disclose to counsel the verdict on the lesser-included offense. In this case, the court disclosed the verdicts, and defense counsel agreed they were surplusage. Moreover, pursuant to the prosecutor's request, the jury members each stated that their verdicts were those for the greater offenses. Because appellant did not request that the procedure outlined in *Rich* be followed and because the jurors reconfirmed their verdicts, we find no fundamental error. *See State v. White,* 160 Ariz. 24, 770 P.2d 328 (1989); *Engram; State v. Stuart,* 168 Ariz. 83, 811 P.2d 335 (App.1990).

Although not raised by either party,[1] we do find fundamental error in the trial court's imposition of enhanced sentences. The state alleged, pursuant to A.R.S. § 13–604.01, that count one was a predicate felony to the remaining counts, count two was a predicate felony to its remaining counts, and so on. The court imposed presumptive sentences on each count. The presumptive term for sexual conduct with a minor is twenty years; for child molestation, it is seventeen. § 13–604.01(A), (B). Because the court found count one was a predicate felony to count two, however, it sentenced appellant to a thirty-year term on that count; because counts three and five had two predicate felonies, the court sentenced appellant to life imprisonment on those counts.[2]

■ Section 13–604.01(A) calls for an enhanced sentence for the crime of sexual conduct with a minor "[i]f the convicted person has been previously convicted of one predicate felony." A life sentence is required for a person convicted of a dangerous crime against children in the first degree who has

1. Although this court no longer searches the record for fundamental error since the repeal of A.R.S. § 13–4035, we are aware of no authority that requires us to ignore fundamental error

when we see it. *State v. Taylor,* 187 Ariz. 567, 931 P.2d 1077 (App.1996).

2. Appellant was acquitted on count four.

been "previously convicted of two or more predicate felonies." § 13–604.01(F). "Predicate felony" is ostensibly defined in subsection (J)(2); the definition, however, merely recites the crimes that must be the basis of the previous conviction for the enhancement provisions to apply. Therefore, we must look to other language in the statute, applying the primary rule of statutory construction—to give "[c]lear and unambiguous statutory language ... its plain meaning unless impossible or absurd consequences would result." *State v. Wagstaff,* 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990). On its face, the language "previously convicted" requires that a judgment of conviction have been entered in a prior case before the enhancing provision is activated. *See State v. Hannah,* 126 Ariz. 575, 576, 617 P.2d 527, 528 (1980) ("So long as the defendant was convicted of the other offense before the conviction in the principal offense, the enhanced punishment provisions of § 13–604(B) are applicable."). Regardless of whether "conviction" occurs upon return of the jury's verdict or upon entry of judgment at sentencing, *see State v. Green,* 174 Ariz. 586, 852 P.2d 401 (1993), all of appellant's convictions took place at the same time. Consequently, appellant could not have been "previously convicted" of any of them.

Our conclusion is supported as well by a review of recent statutory changes. Before 1994, the use of prior convictions as predicate felonies for enhancement purposes under § 13–604.01 was governed by former § 13–604(H), which provided:

> Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

The legislature amended former § 13–604(H), now § 13–604(M), effective January 1, 1994, by deleting the first sentence. Section 13–604(M) provides: "Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section." The legislature's action demonstrates its intent to abolish the enhancement of sentences by judgments of conviction entered at the same time for offenses committed on different occasions but consolidated for trial, so-called *"Hannah* priors," and the express legislative history underlying the amendment removes any possible doubt about that purpose.[3] Arizona State Senate, 1st Reg. Sess., Final Revised Fact Sheet for S.B. 1049 (1993); *see also* Joint Legislative Study Committee on the Criminal Code, Recommendations 3 and 4 (1992).

Because appellant's sentence did not comply with § 13–604.01, it was illegal, *see State v. Pyeatt,* 135 Ariz. 141, 659 P.2d 1286 (App. 1982), and its imposition constituted fundamental error. *State v. Bouchier,* 159 Ariz. 346, 767 P.2d 233 (App.1989). Thus, the trial court improperly enhanced appellant's sentences on counts two, three, and five.

Appellant's judgment of convictions and the sentences imposed on counts one and six are affirmed. The convictions on counts two, three, and five are affirmed, but the sentences are vacated and the case is remanded for appellant to be resentenced on those counts.

HOWARD, J., and JEFFREY P. HANDLER, J. Pro Tem., concur.

---

**3.** We take judicial notice of the fact that the state has conceded this issue in two other appeals this court recently decided in memorandum decisions.