7 P.3d 151

**STATE of Arizona, Appellee,**

v.

**Arthur Leon THOMPSON, Appellant.**

**No. 1 CA–CR 99–0136.**

Court of Appeals of Arizona,
Division 1, Department A.

July 25, 2000.

As Amended Sept. 11, 2000.

---

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Randall M. Howe, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

NOYES, Judge.

¶ 1 Arthur Leon Thompson ("Appellant") was sentenced on a theft conviction at the same time he was sentenced on two other felony convictions for offenses that were not committed on the same occasion as the theft offense. The State alleged that the other convictions were "historical prior felony convictions" to the theft conviction within the meaning of Arizona Revised Statutes Annotated ("A.R.S.") section 13–604(V) (Supp. 1999),[1] which provides enhanced sentences

---

1. At the time Appellant committed the theft offense, the statute was numbered A.R.S. section 13–604(U) (Supp.1997). As relevant here, both the 1997 and 1999 versions of what is now subsection 13–604(V) provide as follows:

V. As used in this section:

for repetitive offenders. Appellant argued that the applicable sentence-enhancement schedule was the less severe one provided by A.R.S. section 13–702.02 (Supp.1999),[2] which is captioned "Multiple offenses not committed on the same occasion; sentencing." The trial court applied section 13–604. We find that the statutes are ambiguous regarding which was intended to apply in this situation, we resolve that ambiguity, and we hold that section 13–604 applies only when the defendant was sentenced on the prior offense before committing the present offense. We therefore affirm the conviction and remand for resentencing pursuant to section 13–702.02.

¶ 2 The necessary chronology is as follows:

July 8, 1997: Appellant possesses marijuana (the first "prior conviction").

December 19, 1997: He possesses drug paraphernalia (the second "prior conviction").

December 30, 1997: He commits theft (the present offense).

May 1998: He pleads guilty to the first two offenses, then becomes a fugitive.

September 1998: He is taken into custody, and is also charged with the present (theft) offense.

December 17, 1998: A jury finds Appellant guilty of theft.

January 29, 1999: He is sentenced on all three convictions.

¶ 3 The theft offense was a class 6 felony. If no sentence enhancement applied, Appellant would be eligible for probation, and, if he did not receive probation, the presumptive sentence would be one year in prison. See A.R.S. § 13–702. With section 13–604 enhancement applied, prison would be mandatory, and the presumptive sentence would be 3.75 years. See A.R.S. § 13–604(C). If the section 13–702.02 enhancement schedule applied, prison would be mandatory, and the presumptive sentence would be 1.75 years. See A.R.S. § 13–702.02(B)(4).

¶ 4 The trial court gave Appellant the minimum sentence permitted by section 13–604—three years in prison. The minimum sentence permitted by section 13–702.02 would have been one year in prison. See A.R.S. § 13–702.02(B)(4). In the same proceeding, Appellant also received presumptive, concurrent, one-year prison terms on the two "prior" convictions, which were class 6 felonies, with no allegation of historical prior felony convictions.

¶ 5 Appellant argues that section 13–604 was inapplicable because one is not convicted until one is sentenced, and he was not sentenced on the prior convictions before committing the present offense. As a general proposition, it is incorrect to say that one is not convicted until one is sentenced. The word "conviction" is commonly understood to mean "the time when a person has been found guilty ... even though there has been no sentence or judgment by the court." State v. Superior Ct. (Cocio), 138 Ariz. 4, 6, 672 P.2d 956, 958 (1983); see also State v. Garcia, 173 Ariz. 198, 201, 840 P.2d 1063, 1066 (1992) (holding that the term "conviction" includes a finding of guilt by a jury). Appellant pled guilty to the two "prior" offenses. An accepted guilty plea is equivalent to a finding of guilt by a jury or judge. See State v. Green, 174 Ariz. 586, 587–88, 852 P.2d 401, 402–03 (1993).

¶ 6 Where we agree with Appellant, however, is in his reliance on both State v. Brown, 191 Ariz. 102, 952 P.2d 746 (1997), and the legislature's apparent intention to eliminate the use of section 13–604 in cases where the defendant committed the present offense before being sentenced on the "prior"

---

1. "Historical prior felony conviction" means:

    . . . .

(c) Any class 4, 5 or 6 felony ... that was committed within the five years immediately preceding the date of the present offense. Any time spent incarcerated is excluded in calculating if the offense was committed within the preceding five years.

2. The 1999 version of section 13–702.02(A) is essentially the same as the 1997 version and provides as follows:

    A person who is convicted of two or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in § 13–604 shall be sentenced, for the second or subsequent offense, pursuant to this section.

conviction. This use of section 13–604 got its name from *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980), which held that section 13–604 could be used to enhance a sentence even if the alleged historical prior felony conviction occurred *subsequent* to defendant's commission of the present offense. *Id.* at 576, 617 P.2d at 528. The *Hannah* fact situation is similar to the one here: After the defendant committed the present offenses, he was convicted of some other felony offenses that the State alleged were historical prior felony convictions for purposes of enhancing the present-offense sentences pursuant to section 13–604. The trial court dismissed the allegations, but the supreme court reversed and allowed them to stand.

¶ 7 After *Hannah,* the practice of alleging subsequent convictions as prior convictions became known as "alleging *Hannah* priors." This practice was most frequently invoked at trial of consolidated offenses, but it was not limited to that circumstance, as evidenced by the facts in the *Hannah* case itself, which did not involve trial of consolidated offenses. The *Hannah*-prior practice resulted in "repeat-offender" mandatory prison terms under section 13–604 for defendants who, like Appellant, had no felony convictions until being sentenced on several at the same time. Eventually, the legislature ended this harsh practice by deleting certain language from section 13–604(H) and by enacting section 13–702.02.

¶ 8 Effective January 1, 1994, the legislature amended former section 13–604(H)[3] by deleting the language that gave rise to the *Hannah*-prior practice—"Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section"—and it enacted section 13–702.02,[4] which created a less severe sentence-enhancement schedule for multiple offenses not committed on the same occasion. After 1994, section 13–604(H), redesignated (M), was an enhancement-*limitation* statute only, for it provided, in its entirety, "Convictions for two or more offenses committed on the same

occasion shall be counted as only one conviction for purposes of this section." A.R.S. § 13–604(M).

¶ 9 The State obviously does not rely on section 13–604(M) here; it instead relies on section 13–604(V)(1)(c), which defines "historical prior felony conviction" as any class 4, 5, or 6 felony that was committed within the five years immediately preceding the date of the present offense. We agree that Appellant committed the prior offenses within the five years immediately preceding the date of the theft, and we agree that section 13–604(V)(1)(c) does not specify that a historical prior felony conviction is one for which defendant was sentenced before committing the present offense. We nevertheless reject the State's argument. To accept that argument would preserve the *Hannah*-prior practice in cases such as this, and it is probable that the legislature intended to eliminate the entirety of the *Hannah*-prior practice and replace it with the section 13–702.02 enhancement schedule. The legislative intent behind the amendment of section 13–604(H) and the enactment of section 13–702.02 is capsulized, succinctly if not definitively, by the following Joint Legislative Study Committee recommendation regarding those actions:

**THE COMMITTEE RECOMMENDS THAT THE USE OF "HANNAH PRIORS" BE ELIMINATED BY ENACTING LANGUAGE TO DO THE FOLLOWING. (A.R.S.13–604)**

Statutory language is deleted that allowed two or more felonies not committed on the same occasion but consolidated for trial purposes to be counted as prior convictions for the purpose of enhancing the person's sentence. *The language also makes clear that prior convictions may only be alleged if the sentence was imposed or suspended before the commission of the offense for which enhanced punishment is sought.*

The recommendation to eliminate "Hannah priors" is in response to the Committee's concern that it is used as a prosecutorial tool to obtain plea bargains from accused persons.

---

**3.** *See* 1993 Ariz. Sess. Laws, ch. 255, § 7.

**4.** *See* 1993 Ariz. Sess. Laws, ch. 255, § 12.

Joint Legislative Study Committee on the Criminal Code, Recommendation 3 (1992) (emphasis added).

¶ 10 This is not the first time that an Arizona appellate court has looked to legislative history to interpret an amendment to section 13–604. *See Zamora v. Reinstein,* 185 Ariz. 272, 276, 915 P.2d 1227, 1231 (1996) (interpreting the intended meaning of "historical prior felony conviction" in section 13–604(U)(1)(a)). In the present case, the legislative history highlights the ambiguity that gives rise to this appeal. The first sentence of the passage explains the intended effect of amending section 13–604; the second sentence explains the intended effect of enacting section 13–702.02. But, in explaining what can no longer be done, the first sentence refers only to the typical *Hannah*-prior use of section 13–604 (two or more felonies consolidated for trial), while the second sentence, in explaining what can still be done, refers to *all* uses of 13–604 ("prior convictions may only be alleged if the sentence was imposed"). If one considers only the first sentence, section 13–604 applies in Appellant's case (because the alleged prior offenses were not consolidated for trial). But if the second sentence is given its intended effect, section 13–604 does not apply in Appellant's case (because he was not sentenced on the prior offenses before committing the present offense).

¶ 11 When the two sentences and the two statutes to which they refer are considered together, however, it seems probable that the legislature intended section 13–702.02 to apply to all *Hannah*-prior situations, and that it intended section 13–604 to apply to those who committed new felonies after having been sentenced on prior felonies.

¶ 12 Section 13–702.02 provides that its enhancement schedule applies on conviction of multiple felony offenses that "were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in § 13–604...." A.R.S. § 13–702.02(A). The statute's reference to "or are

not historical prior felony convictions" is apparently the language that was intended to "make[ ] clear that prior convictions may only be alleged if the sentence was imposed or suspended before the commission of the offense for which enhanced punishment is sought." But, and here is the main source of the statutory ambiguity, although most lay persons and lawyers assume that a person with a "historical prior felony conviction" has been sentenced on that conviction before committing the present offense, as is typically the case, section 13–604 does not expressly require it, and ever since *Hannah,* Arizona cases have consistently held that it is not required. We now discuss some of those cases, and the shifting interpretations of section 13–604 reflected therein.

¶ 13 In 1978, when construing a predecessor statute to section 13–604,[5] the Arizona Supreme Court held that "there is no conviction under a habitual criminal statute until there has been a judgment of conviction [i.e., a sentence]." *State v. Lopez,* 120 Ariz. 607, 609, 587 P.2d 1184, 1186 (1978). Two years later, when construing section 13–604, the Arizona Supreme Court observed that "[b]oth the prior conviction and the prior offense must have occurred before the second offense was committed." *State v. Steelman,* 126 Ariz. 19, 25, 612 P.2d 475, 481 (1980). A few months later, however, acknowledging that the law on prior convictions "has become confused as a result of the adoption of the new criminal code," *Hannah,* 126 Ariz. at 576, 617 P.2d at 528, the court changed course from *Lopez* and *Steelman,* and it held that

[s]o long as the defendant was convicted of the other offense before the conviction in the principal offense, the enhanced punishment provisions of § 13–604(B) are applicable. In fact, subsection H of § 13–604 makes it clear that conviction of the other offense need not occur prior to the commission of the principal offense....

*Hannah,* 126 Ariz. at 576, 617 P.2d at 528.

¶ 14 The same day it issued *Hannah,* the Arizona Supreme Court issued *Davis v. Su-*

---

5. The statute, A.R.S. section 13–1649(A), provided, in pertinent part, that "[a] person who, having been previously convicted ... commits any

crime after such conviction, shall be punished upon conviction of such subsequent offense as follows...."

*perior Court,* 126 Ariz. 568, 617 P.2d 520 (1980), which distinguished *Lopez* (as did *Hannah* ) and disapproved *Steelman:*

As stated in our decision in *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527, *Lopez* does not apply as the statute construed in *Lopez* is markedly different from the statute considered in the instant case [section 13–604(H) ]. Any inference in *Steelman,* supra, that A.R.S. § 13–604 requires that there be a conviction on the prior offense before the commission of the second offense before that prior conviction may be used to enhance the punishment for the second conviction, is, by this opinion, disapproved.

*Davis,* 126 Ariz. at 568–69, 617 P.2d at 520–21.

¶ 15 Together, *Hannah* and *Davis* provide the interpretation of section 13–604 that has endured to the present, an interpretation that is based mainly on language in section 13–604(H) that the legislature deleted in 1994 in execution of its articulated intention to eliminate *Hannah* priors. That is why the resulting statutes are ambiguous. The State's no-sentence-necessary interpretation is predicated on cases that are based on legislative intention derived from now-repealed statutory language. The legislature has since articulated new intentions and enacted a new statute, section 13–702.02, which must be considered along with section 13–604.

¶ 16 In one of the last decisions to affirm the *Hannah*-prior practice, Division Two of this court rejected an argument that a defendant had to have been sentenced on the prior conviction before that prior could be used as such pursuant to section 13–604. *See State v. Garcia,* 173 Ariz. 198, 201, 840 P.2d 1063, 1066 (1992). The court reasoned that sentencing was not required because

the finding of guilt is already considered a conviction. We also believe such an interpretation to be more in accord with Arizona's enhanced sentencing scheme and the case law thereunder. Section 13–604(H), for example, provides that "[c]onvictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the

discretion of the state, be counted as prior convictions for purposes of this section." *If a formal judgment of conviction were required, this statute would be nullified and there could be no Hannah priors.*

*Id.* (emphasis added). Shortly thereafter, the legislature deleted the operative part of section 13–604(H) for the express purpose of eliminating *Hannah* priors. We do not suggest that the legislature was reacting to *Garcia,* but we do suggest that the *Garcia* court's reading of section 13–604(H) was correct: Without the language that the legislature deleted in 1994, there are no *Hannah* priors, and a formal judgment of conviction is required before a prior qualifies as a "historical prior felony conviction" under section 13–604.

¶ 17 When considering the apparent and stated purposes of section 13–702.02 (to provide sentence enhancement for multiple offenses not committed on the same occasion) in light of the apparent and stated purposes of the deletions in section 13–604 (to eliminate *Hannah* priors), the legislature seems to have intended that Arizona return to the *Lopez* interpretation of the recidivist statute: that section 13–604 not apply when a defendant committed the present offense before being sentenced on the prior offense. Without that inference, the reference in section 13–702.02 to "or are not historical prior felony convictions as defined in section 13–604" is superfluous, for section 13–702.02 would apply only to offenses "that . . . are consolidated for trial purposes." In all other situations, either section 13–604 would apply or it would not apply; in none of those other situations would section 13–702.02 apply and section 13–604 not apply. (No one suggests that section 13–702.02 was intended to apply to a conviction that was too old to qualify as a historical prior felony conviction according to section 13–604. We are given no reason, and we perceive none, to believe that the legislature intended that, say, a twenty-year-old class 6 felony conviction was a "multiple offense not committed on the same occasion" within the meaning of section 13–702.02.)

¶ 18 We are required to construe a statute so that all of its words contribute to its meaning and none are rendered superflu-

ous. *See State ex rel. Ariz. Dep't of Revenue v. Short,* 192 Ariz. 322, 324, ¶ 10, 965 P.2d 56, 58 (1998). The only way to construe section 13–702.02 so that all of its words have meaning is to construe the clause "or are not historical prior felony convictions as defined in section 13–604" consistent with the meaning ascribed to it by the Joint Legislative Study Committee and that would have been ascribed to it by an Arizona court prior to *Hannah,* namely, to construe it as meaning that "prior convictions may only be alleged if the sentence was imposed or suspended before the commission of the offense for which enhanced punishment is sought."

¶ 19 The legislature has the power to change its intentions regarding recidivist statutes. *See State v. Murray,* 194 Ariz. 373, 374, ¶ 5, 982 P.2d 1287, 1288 (1999) (stating that the legislature has the power to change sentencing provisions). Based on the foregoing analysis and authorities, we infer that the legislature intended that enacting section 13–702.02 and deleting the *Hannah*-prior language from section 13–604 would reserve the severe penalties of section 13–604 for those criminals who have been through the system more than once, i.e., for those who have committed a new felony after having been sentenced for a prior felony. Appellant is not in that category. (He became a fugitive prior to sentencing on the prior offenses, but that is a separate crime for which he could have received a separate conviction and a separate, consecutive sentence. Section 13–702.02 would apply to his present offense even if he was sentenced on the prior convictions when originally scheduled. The reason section 13–604 does not apply to Appellant is that he was not sentenced on the prior offenses before he *committed* the present offense.)

¶ 20 We also agree with *Brown,* 191 Ariz. at 103, 952 P.2d at 747, where Division Two of this court found fundamental error in application of section 13–604 when the prior and the present convictions took place at the same time. The *Brown* court reasoned that the legislature's amendment of former section 13–604(H) [6] "demonstrates its intent to abolish the enhancement of sentences by judgments of conviction entered at the same time for offenses committed on different occasions but consolidated for trial, so-called '*Hannah* priors,'. . . ." *Id.* at 104, 952 P.2d at 748. We agree with that reasoning, but, as previously explained, we note that the *Hannah*-prior practice was not invoked only when offenses were consolidated for trial, although it was typically invoked in that circumstance. Although Appellant was not a typical *Hannah*-prior defendant, he was sentenced based on the *Hannah* interpretation of section 13–604.

¶ 21 In conclusion, we find that section 13–702.02 is ambiguous on whether the legislature intended section 13–604 to continue to apply to *Hannah*-prior situations that did not involve offenses consolidated for trial. We have resolved the ambiguity in furtherance of what we perceive to be the legislature's intention to eliminate all use of *Hannah* priors.

¶ 22 We also come to that same resolution and conclusion by applying another rule of statutory construction, the rule of lenity. As we stated in *Reinesto v. Superior Court,* 182 Ariz. 190, 192, 894 P.2d 733, 735 (1995):

> In interpreting statutes, we must give words their fair meaning "to promote justice and effect the objects of the law. . . ." A.R.S. § 13–104. When the meaning of a statute is unclear or subject to more than one interpretation, the rule of lenity requires us to resolve any ambiguity in favor of the defendant.

The rule of lenity requires that we resolve the statutory ambiguity by holding that Appellant's sentencing is subject to the less punitive enhancement schedule in section 13–702.02 rather than to the more punitive enhancement schedule in section 13–604. *See State v. Tarango,* 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996). This interpretation is faithful to what we perceive to be the legislature's intention in enacting section 13–702.02 as a mid-range enhancement schedule for those who commit multiple offenses but do

---

6. Former A.R.S. section 13–604(H) provided:

Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

not qualify for section 13–604 treatment. Appellant, having been sentenced in one proceeding for multiple offenses not committed on the same occasion, was something worse than a first-offender, and was therefore appropriate for the sentence-enhancement schedule of section 13–702.02, but he was not as bad as a person who committed a new felony after having previously been sentenced for a felony. That person is the sort of recidivist for whom the more severe schedule of section 13–604 enhancement was intended.

¶ 23 We hold that, under the current versions of sections 13–604 and 13–702.02, if the defendant was not sentenced on the prior offense before committing the present offense, the prior offense is not a historical prior felony conviction within the meaning of section 13–604, and the applicable enhancement statute is section 13–702.02 (assuming the existence of all other requisite facts).

¶ 24 Affirmed and remanded for resentencing.

CONCURRING: NOEL FIDEL, Presiding Judge. and THOMAS C. KLEINSCHMIDT, Judge.