STATE of Minnesota, Respondent,

v.

Antonio Francis BRAGG, Appellant.

No. C1–97–2039.

Court of Appeals of Minnesota.

May 12, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul, for respondent.

Jay M. Heffern, Minneapolis City Attorney, John R. Manning, Assistant City Attorney, Minneapolis, for respondent.

Maureen Williams, Law Office of Maureen Williams, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, P.J., and WILLIS and MULALLY, JJ.*

## OPINION

WILLIS, Judge.

Antonio Bragg appeals the district court's determination that he is not entitled to recovery of his fingerprints and other identification evidence under Minn.Stat. § 299C.11(b) where misdemeanor charges against him were dismissed after he pleaded not guilty and no finding of probable cause was made. We reverse.

## FACTS

In February 1997, Antonio Bragg filed a pro se petition for expungement of his criminal record, which included a 1985 petty misdemeanor conviction for fifth-degree assault and incidents in 1991, 1993, and 1994, in each of which he was charged with misdemeanor counts of fifth-degree assault and disorderly conduct. In his petition, Bragg also requested the return of his fingerprints and other identification evidence pursuant to Minn.Stat. § 299C.11(b)(1) (1996), which allows the return of fingerprints when the accused has had no felony or gross misdemeanor convictions in the previous ten years and "all charges were dismissed prior to a determination of probable cause." The district court denied the petition in its entirety with respect to the 1985 conviction but ordered the return of Bragg's fingerprints with respect to the 1991 charges, which had been continued for one year and then dismissed when no similar incidents occurred.

In the 1993 case, Bragg pleaded not guilty of assault on the day he was charged. A month later, the disorderly conduct charge was added, and Bragg demanded a complaint at his preliminary hearing. The district court in that case ordered a complaint over

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

the prosecutor's objection, but both charges were thereafter dismissed without any determination of probable cause. In the present proceeding, the district court determined that Bragg had waived a finding of probable cause in the 1993 case by pleading not guilty and that the charges therefore fell outside the scope of section 299C.11(b)(1). The court granted the petition to expunge the 1993 charges and ordered that the court records, including fingerprints and other identification evidence, be sealed pursuant to Minn.Stat. § 609A.01 (1996) rather than returned to Bragg.

The district court made the same determination with respect to the 1994 charges, although the record does not show that Bragg entered a plea in that case. The state concedes that the district court erred factually in finding that Bragg entered a plea in the 1994 case.

Bragg appeals the denial of his request for return of his fingerprints with respect to the 1993 and 1994 charges. At oral argument, Bragg's counsel represented that the Bureau of Criminal Apprehension would be willing to return the requested evidence to Bragg but for the district court's order that it be sealed. We reverse.

### ISSUE

Did the district court err in concluding that Bragg was not entitled to return of his fingerprints and other identification evidence with respect to the 1993 and 1994 charges?

### ANALYSIS

The issues here are questions of statutory interpretation, which this court reviews de novo. *See State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

Before 1996, Minn.Stat. § 299C.11 (Supp. 1995) allowed any arrested person to request return of fingerprints and other identification evidence "[u]pon the determination of all pending criminal actions or proceedings in favor of the arrested person," unless the arrested person had been convicted of a felony in the previous ten years. The statute was amended in 1996 to narrow its reach and now provides that:

(b) No petition under chapter 609A is required if the person has not been convicted of any felony or gross misdemeanor * * * within the period of ten years immediately preceding the determination of all pending criminal actions or proceedings in favor of the arrested person, and either of the following occurred:

all charges were dismissed prior to a determination of probable cause; or

the prosecuting authority declined to file any charges and a grand jury did not return an indictment.

Where these conditions are met, the bureau or agency shall, upon demand, return to the arrested person finger and thumb prints * * * and other identification data, and all copies and duplicates of them.

(c) Except as otherwise provided in paragraph (b), upon the determination of all pending criminal actions or proceedings in favor of the arrested person, and the granting of the petition of the arrested person under chapter 609A, the bureau shall seal finger and thumb prints * * * and other identification data, and all copies and duplicates of them if the arrested person has not been convicted of any felony or gross misdemeanor * * * within the period of ten years immediately preceding such determination.

Minn.Stat. § 299C.11 (1996).

The 1996 legislation also created chapter 609A, which establishes grounds and a procedure for granting expungement petitions. Minn.Stat. § 609A.01 (1996) provides:

This chapter provides the grounds and procedures for expungement of criminal records under section * * * 299C.11, where a petition is authorized under section 609A.02, subdivision 3 * * *. The remedy available is limited to a court order sealing the records and prohibiting the disclosure of their existence or their opening except under court order or statutory authority. Nothing in this chapter authorizes the destruction of records or their return to the subject of the records.

Minn.Stat. § 609A.02, subd. 3 (1996), authorizes a petition "to seal all records relating to an arrest, indictment or information" where

"the records are not subject to section 299C.11, paragraph (b), and if all pending actions or proceedings were resolved in favor of the petitioner." Under Minn.Stat. § 609A.03, subd. 7(b)(1) (1996), a sealed record may be opened for purposes of a criminal investigation, prosecution, or sentencing or "for purposes of evaluating a prospective employee in a criminal justice agency * * * ."

There is no case law interpreting the current statutes. But while section 299C.11(b) only mentions fingerprints and identification information, the supreme court, interpreting identical language in the previous version, held that the statute impliedly allowed return of arrest records. *In re R.L.F.*, 256 N.W.2d 803, 805 (Minn.1977).[1] This interpretation presumptively still applies. *See* Minn.Stat. § 645.17(4) (1996) (providing that when court of last resort has construed statutory language, legislature presumptively intends same construction to apply to subsequent laws on same subject matter).

### I. Scope of Section 299C.11(b)(1)

■■■ If a statute, construed according to ordinary rules of grammar, is unambiguous, this court engages in no further statutory construction and applies its plain meaning. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). "A statute is ambiguous if it is reasonably susceptible to more than one interpretation." *Id.*

We conclude that the reference to a "determination of probable cause" in section 299C.11(b)(1) is ambiguous because where a person is arrested without a warrant and is not indicted by a grand jury, the district court may make as many as three probable cause determinations before trial. First, if the suspect remains in custody, the court, within 48 hours of arrest, must determine whether the arrest was supported by sufficient probable cause to justify continuing confinement. Minn. R.Crim. P. 4.03, subd. 1. But we do not believe the legislature could reasonably have intended to place the determination of probable cause for purposes of section 299C.11(b) at this early stage because

in many cases charges would not yet have been filed, much less dismissed. *See* Minn. Stat. § 645.17(1) (1996) (establishing presumption that legislature does not intend absurd, impossible, or unreasonable results).

Second, a suspect may demand a determination as to whether the complaint states sufficient probable cause to give the court jurisdiction. *See* Minn. R.Crim. P. 10.02 (providing time period for motion to dismiss for want of personal jurisdiction); *see also* Comment, Minn. R.Crim. P. 10 (explaining that in misdemeanor cases where complaint is filed, question of jurisdiction becomes question of sufficiency of complaint); Minn. R.Crim. P. 2.01 (stating that complaint shall include facts establishing probable cause). In a misdemeanor case, a prosecution may be commenced by a "tab charge," which is a brief reading of charges into the record by the clerk. Minn. R.Crim. P. 4.02, subd. 5(3). In such a case, on a defendant's first appearance, the court will inform him of his right either to enter a plea or to demand a written complaint for purposes of challenging probable cause. Minn. R.Crim. P. 5.01(e). Generally, "by entering a plea at arraignment one waives any objection to the jurisdiction of the court over his person or any objection to prearraignment irregularities." *State v. Noland,* 298 Minn. 528, 528, 214 N.W.2d 355, 356 (1973). This rule has been modified in misdemeanor cases to require a defendant to demand a complaint and subsequently to plead not guilty before raising a jurisdictional challenge. Minn. R.Crim. P. 10.02; *see also* Comment, Minn. R.Crim. P. 10 (explaining modification of prior law). But because the modification applies only where a complaint has been issued, a plea entered without a demand for a complaint may still waive the right to this finding of probable cause.

Finally, in a felony or gross misdemeanor case, a defendant may move to dismiss a charge for lack of probable cause, based on the entire record, at the omnibus hearing. Minn. R.Crim. P. 11.03. Faced with such a motion, the court determines whether the state has provided sufficient evidence to

---

**1.** Apparently following the letter of the statutes, the district court ordered the return of Bragg's identification information, but not the sealing of his file or the return of arrest records, with respect to the 1991 conviction. Bragg does not appeal this order.

avoid a directed verdict for the defendant. *State v. Rud*, 359 N.W.2d 573, 579 (Minn. 1984). In misdemeanor cases, a pretrial conference replaces the omnibus hearing, and the rule of criminal procedure governing the pretrial conference does not specifically provide for a motion to dismiss a charge for lack of probable cause. *See* Minn. R.Crim. P. 12.02. But while the comment to the rule states that "[t]here is no necessity for a probable cause determination for misdemeanors," neither the rule nor the comment expressly prohibits such a determination.[2]

"Expungement means to erase all evidence of the event as if it never occurred." *State v. M.B.M.*, 518 N.W.2d 880, 882 (Minn.App. 1994) (citation and internal quotation omitted). The combination of sections 299C.11(b) and 609A.02(3), providing for return of identification evidence where charges are dismissed or never filed and sealing in all other circumstances where the defendant prevails, appears designed to grant the most complete erasure of the record to those defendants whose guilt is most in doubt. This would favor an interpretation that "determination of probable cause" generally refers to the final determination at the omnibus hearing, in which the determination is based on the complete record and is not dependent on the ability of the state to draft a facially valid complaint.

In order to conclude that the "determination of probable cause" mentioned in section 299C.11(b)(1) could be waived by entry of a plea, the district court must have interpreted the language to refer to a determination of sufficiency of the complaint under Minn. R.Crim. P. 10.02. It apparently reasoned that because the rules of criminal procedure do not specifically provide in misdemeanor cases for a pretrial determination of probable cause based on the full record, the determination of the sufficiency of the complaint pursuant to Minn. R.Crim. P. 10.02 was the only "determination of probable cause" to which the statute could refer. But we have found no authority stating that a court is prohibited from making a probable cause determination based on the full record in

misdemeanor cases, and we decline to decide this issue in a case where it is not squarely before us. A determination of sufficiency of the complaint under rule 10.02 differs from a final pretrial determination of probable cause in purpose, scope, and method, and we see no indication that the legislature intended to create a significant disparity in treatment favoring felony defendants over misdemeanor defendants. Moreover, the amended expungement statutes appear designed to further both a defendant's interest in erasure of his record and the state's interest in retaining identification information for use in future investigations or prosecutions. We see no reason why the legislature would have intended to make identification information resulting from misdemeanor arrests, but not identification information resulting from felony or gross misdemeanor arrests, available to law enforcement officials where a charge is dismissed after the filing of a complaint.

The state argues that if a plea does not waive a determination of probable cause for purposes of the statute, a misdemeanor defendant who does not request a written complaint could demand return of his fingerprints even after a jury acquittal. We agree that this result would be contrary to the legislature's intent in amending section 299C.11(b) to narrow the range of circumstances in which a defendant could seek return of identification evidence. *See Geldert v. American Nat'l Bank*, 506 N.W.2d 22, 26 (Minn.App.1993) (stating that this court presumes that amendments to statutes are intended to effect change in law), *review denied* (Minn. Nov. 16, 1993). But an acquittal is not a dismissal, and section 299C.11(b)(1) provides for return of fingerprints only if charges are dismissed. Moreover, we need not, and do not, decide whether a defendant's rights under section 299C.11(b)(1) might be waived or extinguished at some other point in the process before the jury's verdict.

▮▮ We conclude that the "determination of probable cause" referred to in section 299C.11(b)(1) is a determination, based on the full record, of whether sufficient probable cause exists to proceed to trial. Because the

---

**2.** The advisory committee comments to the rules of criminal procedure are not binding law in any

event. *State v. Johnson*, 514 N.W.2d 551, 555 n. 8 (Minn.1994).

charges against Bragg in both the 1993 and 1994 cases were dismissed before such a determination was made, Bragg qualifies for return of his fingerprints under the statute.

## II. Procedure Under the Expungement Statutes

■ The state argues that even if Bragg is entitled to obtain his fingerprints under section 299C.11(b)(1), an expungement proceeding under chapter 609A does not provide a remedy; rather, Bragg should have sought the fingerprints directly from the appropriate law enforcement agency. Section 609A.02, subdivision 3, authorizes the filing of a petition for expungement in the form of sealing a defendant's records where "the records are not subject to section 299C.11, paragraph (b) * * * ." That section in turn provides that a petition under chapter 609A is "not required" where a charge is dismissed without a finding of probable cause. Minn. Stat. § 299C.11(b).

We note initially that the state did not object to, and has not sought review of, the district court's order for the return of Bragg's fingerprints in connection with the 1991 charge. In any event, we do not believe that either statute prohibits a defendant from seeking, in combination with a petition brought under chapter 609A, a court order for return of identification evidence pursuant to section 299C.11(b). Section 609A.02 lists the grounds on which an expungement order may be granted, while section 609A.03 establishes the procedural requirements for a petition. We interpret section 609A.02, subdivision 3, to provide only that the grounds for sealing of records under chapter 609A are distinct from the grounds for return of evidence under section 299C.11(b) and not to address procedural issues. Section 299C.11(b) provides only that a petition under section 609A.03 is not required; it does not prohibit such a petition. And it is foreseeable that other situations could arise in which it is unclear at first whether a petitioner is entitled to relief under section 299C.11(b) and it would be most convenient for the petitioner and the court to address the issue together with the alternative of a chapter 609A expungement claim.

Although Bragg captioned his case as an expungement proceeding under chapter 609A, he included a claim under section 299C.11(b) in his petition from the outset. We conclude that Bragg, under the applicable statutes, was entitled to seek return of his fingerprints in combination with his expungement claim in a combined petition and is entitled to the return of his fingerprints in connection with both the 1993 and 1994 charges.

## DECISION

For the reasons stated, we reverse the decision of the district court and conclude that Bragg is entitled to return of his fingerprints, other identification evidence, and arrest records in connection with both the 1993 and 1994 offenses. Because Bragg's counsel indicated that the Bureau of Criminal Apprehension is willing to return the material, we need not remand for a district court order to that effect.

**Reversed.**