**STATE of Minnesota, CITY OF MAPLE GROVE, Appellant,**

v.

**David Gary HORNER, Robin Cheryl Horner, Respondents.**

Nos. CX–00–592, C1–00–593.

Court of Appeals of Minnesota.

Oct. 10, 2000.

---

Steven M. Tallen, Tallen and Baertschi, Minneapolis, MN (for appellant)

David K. Ross, Carson, Clelland & Schreder, Brooklyn Center, MN (for respondents)

Heard and considered by SHUMAKER, Presiding Judge, ANDERSON Judge, and PARKER, Judge.*

## OPINION

SHUMAKER, Judge

In this appeal, the City of Maple Grove argues that the district court applied the wrong statute in determining that respondents were entitled to the expungement of their criminal records after they completed a diversion program. Because the district court correctly applied the applicable statute, we affirm.

## FACTS

Robin Horner gave Maple Grove police officers permission to search her home, where David Horner also resided. The officers found 944.8 grams of marijuana, and the Hennepin County Attorney filed charges against the Horners, alleging felony possession and sale of a controlled substance.

When the Horners appeared in district court, they and the county prosecutor agreed that the case would be processed through the "Drug Court Diversion Program." The Horners did not plead to the charge. Rather, the state suspended prosecution for one year and three months on

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

the condition that the Horners abide by certain requirements. One requirement was that the Horners "may not request expungement of the record until three years from the date of offense."

The Horners satisfied all diversion requirements, and, when three years from the offense date had passed, they moved to expunge all records relating to the charge. Maple Grove objected to the expungement of its police records.

The district court overruled Maple Grove's objection and granted the Horners' motion, ruling that it had statutory and inherent authority to do so and that the diversion agreement was a contract that the state was obligated to honor. Maple Grove appeals.

## ISSUES

As a condition of the expungement of a criminal record, proceedings must have been determined in the petitioner's favor. Does the completion of a diversion program without a plea of guilty and the dismissal of all charges constitute a determination in the petitioner's favor?

## ANALYSIS

The district court held that it had authority under Minn.Stat. § 609A.02 (1998), among other grounds, to grant the expungement motion. Maple Grove contends that the court misread section 609A.02 and that the applicable statute, Minn.Stat. § 299C.11 (1998), prohibits expungement on these facts.

■ The application of a statute to undisputed facts raises a question of law that we review de novo. *Oslund v. Johnson*, 578 N.W.2d 353, 356 (Minn.1998). Furthermore, we are not bound by the district court's rulings on questions of law. *Hammer v. Investors Life Ins. Co.*, 511 N.W.2d 6, 8 (Minn.1994).

Minnesota's law regarding the expungement of criminal records is found in chapter 609A. Under that chapter, "expungement" means that criminal records are

retained and sealed, and may not be opened or disclosed without court order; they are not destroyed or returned to the petitioner. Minn.Stat. § 609A.01.

When a petition for expungement is authorized by Minn.Stat. § 609A.02, subd. 3, chapter 609A is the source of both the grounds and the procedures for expungement under Minn.Stat. § 299C.11 and other laws. *Id.*

Minn.Stat. § 609A.02, subd. 3, authorizes a petition for expungement if (1) the records are not subject to section 299C.11(b), and (2) all actions and proceedings were resolved in the petitioner's favor.

Minn.Stat. § 299C.11 governs criminal identification data furnished by local law enforcement agencies to the state bureau of criminal apprehension. Minn.Stat. § 299C.11(a). Section 299C.11(b) governs the circumstances under which no chapter 609A petition is required and records are actually returned to the arrested person on demand.

One of the requirements that must be met under section 299C.11(b) for the actual return of records on demand is that the proceedings were determined in the arrested person's favor. Minn.Stat. § 299C.11(e)(2) provides:

> For purposes of this section, "determination of all pending criminal actions or proceedings in favor of the arrested person" does not include: * * * (2) the arrested person's successful completion of a diversion program * * *.

■ Maple Grove contends that Minn. Stat. § 299C.11(b) controls here and that § 299C.11(e)(2) expressly prohibits expungement. We disagree.

The Horners do not claim that they are entitled to forgo chapter 609A proceedings and to obtain the actual return of their records on demand. Rather, they are seeking only a 609A expungement. Minn. Stat. § 299C.11(b) does not apply to them. *See State v. Bragg*, 577 N.W.2d 516, 521 (Minn.App.1998) (noting that the grounds

for sealing records under section 609A.02, subd. 3, are distinct from the grounds for returning records under section 299C.11(b)). Thus, they have met the first requirement of section 609A.02, subd. 3.

■ The second requirement is that the proceedings were resolved in the petitioners' favor. The Horners never pleaded guilty.[1] They completed all diversion requirements and the state dismissed all charges against them. For purposes of Minn.Stat. § 609A.02, subd. 3, the proceedings were resolved in their favor. *See State v. L.K.,* 359 N.W.2d 305–08 (Minn. App.1984) (finding that where defendant did not plead or admit guilt and the charge was not prosecuted, innocence was presumed and the court's dismissal of the charges "constitutes a determination in his favor.").

**DECISION**

■ Completion of a diversion program without a plea of guilty fails to qualify as a determination in an arrested person's favor only if the person's effort to clear his criminal record is subject to Minn.Stat. § 299C.11(b). That is not the case here. The district court did not err in ordering the expungement of the Horners' records under chapter 609A.

**Affirmed.**

1. *City of St. Paul v. Froysland,* 310 Minn. 268, 272–76, 246 N.W.2d 435, 437–39 (1976), interpreting a prior statute, Minn.Stat. § 299C.11, reasoned that "in favor of" does not encompass a situation in which the petitioner pleaded guilty and the state later dismissed the charges. Here, the Horners never entered a plea of any sort.