STATE of Minnesota, Respondent,

v.

Charles Allen DAVISSON, Appellant.

No. C9–00–1524.

Court of Appeals of Minnesota.

March 6, 2001.

Review Denied May 15, 2001.

Mike Hatch, Attorney General, St. Paul, and Michael J. Colich, St. Louis Park City Attorney, Darren C. Borg, Assistant City Attorney, Minneapolis, for respondent.

Steven J. Meshbesher, Meshbesher & Associates, P.A., Minneapolis, for appellant.

Considered and decided by HARTEN, Presiding Judge, HANSON, Judge, and PORITSKY, Judge.

## OPINION

PORITSKY, Judge *

Charles Allen Davisson's appeal requires that we address the right of an individual under Minn.Stat. § 609A.02, subd. 3 (2000) to seal all records relating to criminal proceedings against · him. The statute provides that certain criminal proceedings not resulting in a conviction may be expunged "if all pending actions or proceedings were resolved in favor of the petitioner." The trial court denied Davisson's motion to expunge the record. Appellant now asserts that he is entitled to expungement because, although the court found him guilty of the offense for which he was charged, the court stayed adjudication subject to various probationary conditions, and eventually discharged him from probation and dismissed the charge with prejudice. We affirm.

## FACTS

In 1995, the state charged appellant Charles Allen Davisson with one count of harassment/stalking as a gross misdemeanor in violation of Minn.Stat.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

§ 609.749, subd. 2(3) (1994) and one count of misdemeanor interference with privacy in violation of Minn.Stat. § 609.746, subd. 1(a)(1)-(3) (1994). From June 1995 to the date of his arrest, Davisson had been stalking Kalleen King, a news anchorwoman for KSTP.

The state dropped the charge of interference with privacy and in September 1996, based on a stipulated record, the trial court found Davisson guilty of gross-misdemeanor stalking. With the consent of both parties, the trial court stayed adjudication and placed Davisson on unsupervised probation for two years, provided that he abide by the following conditions:

- Complete a psychological evaluation and follow any recommendations for treatment or therapy;
- Have absolutely no contact with King in person or through third parties;
- Commit no same or similar offenses; and
- Follow all outstanding court orders for protection and restraining orders.

Davisson appealed the trial court's Order of Judgment and Sentence, which this court affirmed on June 3, 1997.[1]

In January 1998, the trial judge wrote Davisson's attorney requesting the results of Davisson's psychological evaluation and recommendations, if any. In February 1998, the attorney informed the court that Davisson had met with a psychologist on February 12, 1998, and that the psychologist requested three weeks "to gather information and to schedule additional testing or examinations, if necessary" before issuing her final report. Davisson's attorney further stated that the report would be issued after that time, but well before the end of Davisson's probationary period on September 19, 1998. On February 25, 1998, the state requested a hearing to determine whether Davisson had violated his probation, contending that his tardi-

ness in obtaining an assessment was a probation violation.

In March 1998, the trial court held a hearing on the issue and found that Davisson had violated the conditions of his probation "by not completing a psychological evaluation and following the recommendations of said evaluation." The court revoked the stay of adjudication and imposed, but stayed, execution of the sentence pending compliance with the terms and conditions of probation. Davisson appealed the trial court's order, which this court reversed, concluding that the trial court had abused its discretion by revoking appellant's stay of adjudication where the court failed to give a specific deadline "for the performance of the probationary condition of undergoing a psychological evaluation."[2] Subsequently, in October 1998, the trial court discharged Davisson from probation and dismissed the charge against him with prejudice.

In January 2000, Davisson petitioned the court to expunge all records relating to his arrest and the complaint and charges against him pursuant to Minn.Stat. § 609A.02, subd. 3. A hearing was held in March 2000, before the Chief District Court Judge, who stated that the motion was improperly assigned to him. He referred the case to the judge who tried the case. Based on a review of the written submissions and without seeking oral argument, in July 2000 the trial court denied Davisson's motion for expungement.

The trial court based its refusal to expunge on the following factors: (a) all pending actions or proceedings against Davisson were not resolved in his favor where he was found guilty of a serious offense; (b) the state had "clearly shown" that the interests of public safety far exceeded the disadvantages to Davisson; and (c) public safety "clearly dictate[d] that someone who would engage in such behav-

---

1. *State v. Davisson,* No. C6–96–2141, 1997 WL 292159 (Minn.App. June 3, 1997), *review denied* (Minn. Aug. 5, 1997).

2. *State v. Davisson,* No. C3–98–1064, 1998 WL 747135, at *2 (Minn.App. Oct. 27, 1998).

ior and go untreated may re-offend" where Davisson had stalked another woman and, in violation of an order for protection, continued to harass her.

## ISSUES

I. In a case where the trial court finds a defendant guilty of an offense, stays adjudication with conditions of probation and, upon a successful completion of the probationary period, discharges defendant from probation and dismisses the charge with prejudice, were the proceedings resolved "in favor of" defendant within the meaning of Minn.Stat. § 609A.02, subd. 3?

II. Did the trial court abuse its discretion in finding that the state established by clear and convincing evidence that the interests of public safety outweighed the disadvantages of denying expungement to appellant?

## ANALYSIS

■ Trial courts have both statutory and inherent powers to grant expungement relief. *State v. Ambaye*, 616 N.W.2d 256, 257–58 (Minn.2000) (explaining that Minnesota courts have the inherent power to expunge criminal records where there may be a serious infringement of petitioner's constitutional rights or where the benefit of expungement is equal to or greater than the disadvantages to the public). Davisson's petition for expungement is grounded solely on the court's statutory power to expunge pursuant to Minn.Stat. § 609A.02. Under the statute, the trial court will consider a petition for expungement "if all pending actions or proceedings were resolved in favor of the petitioner." Minn.Stat. § 609A.02, subd. 3.

I.

■ Whether all proceedings were resolved in petitioner's favor is a question of law this court reviews de novo. *State v. Ronquist*, 600 N.W.2d 444, 447 (Minn.1999) (providing that statutory construction is a question of law). Davisson contends that because a stay of adjudication does not result in a conviction, the proceeding was resolved in his favor. *See State v. Roloff*, 562 N.W.2d 29, 31 (Minn.App.1997) (stating that in determining criminal history for sentencing under the guidelines, a stay of adjudication is not equivalent to a conviction). We conclude that a stay of adjudication does not yield a resolution in favor of the defendant.

The theme that can be distilled from case law is that if a defendant is either found to have committed the offense or pleads guilty to the charge, the proceeding has not been resolved in defendant's favor. In *Ambaye*, the defendant had been found not guilty by reason of insanity, but the Minnesota Supreme Court noted:

[A] person found not guilty by reason of insanity * * * *has been found to have committed the act of which he was accused.* A verdict reflecting such a fact is not one "in favor of" [petitioner].

616 N.W.2d at 261 (emphasis added). Similarly, Davisson was found to have committed the act of which he was accused.

In *City of St. Paul v. Froysland*, the defendant received a stay of imposition. Ultimately her plea was stricken, her conviction was vacated, and the charge was dismissed. 310 Minn. 268, 269, 246 N.W.2d 435, 436 (1976). But in interpreting similar "in favor of" language found in Minn.Stat. § 299C.11 (1974),[3] the court held that the proceeding was not a determination in her favor. *Id.* at 275–76, 246

---

3. Minn.Stat. § 299C.11(a) (2000) governs criminal-identification data furnished by local law-enforcement agencies to the state bureau of criminal apprehension. Section 299C.11(b) governs the circumstances under which no chapter 609A petition is required and the records are actually returned to the arrested person on demand. Minn.Stat. § 299C.11(b) (2000). Under section 609A, criminal records may not be destroyed or returned to the petitioner, but are sealed and may not be disclosed or opened without court order. Minn.Stat. § 609A.01 (2000).

N.W.2d at 439 (agreeing with the lower court that "the statute was not intended to protect those whose conviction was entered upon a plea of guilty"). Later, in *State v. Krotzer,* the court pointed out that a stay of adjudication with an imposition of a probationary period is short of outright dismissal. 548 N.W.2d 252, 255 (Minn. 1996). Thus, in the present case, the mere fact that Davisson was not convicted and the charge was dismissed at the end of his probationary period does not make the proceeding one in his favor.

In *State v. M.B.M.,* this court held that dismissal of a complaint after pleading guilty was "in the nature of a pardon, not a declaration of innocence" and therefore not a determination in favor of accused. 518 N.W.2d 880, 883 (Minn.App.1994) (quotation and citations omitted).

If, on the other hand, there was no valid finding of guilt—either by plea or verdict—the courts have stated that such proceedings were resolved in favor of the defendant. In *State v. C. A.,* the court concluded that a case was resolved in favor of the petitioner because the state had dropped the charges after the supreme court set aside defendant's conviction and ordered a new trial. 304 N.W.2d 353, 357 n. 3 (Minn.1981).

In *State v. L.K.,* this court determined that because the defendant did not plead or admit guilt and the charge against him was not prosecuted, innocence was presumed and the lower court's dismissal of the charge amounted to "a determination in his favor." 359 N.W.2d 305, 307–08 (Minn.App.1984).

In the present case, the trial court did not proceed on a plea of guilty, but proceeded on its finding beyond a reasonable doubt that Davisson committed the offense of which he was charged. A finding of guilty is equivalent to a plea of guilty. *See, e.g.,* Minn.Stat. § 609.02, subd. 5 (2000) (defining "conviction" as a plea of guilty, a verdict of guilty by a jury, or a finding of guilty by the court that it

has accepted and recorded); *State v. Thompson,* 198 Ariz. 142, 7 P.3d 151, 153 (Ariz.Ct.App.2000) ("An accepted guilty plea is equivalent to a finding of guilt by a jury or judge." (citation omitted)). In determining whether a proceeding is resolved in favor of a defendant, the focus is not on whether there was a guilty plea as opposed to a guilty verdict, but whether there was a valid finding that the defendant committed the charged offense. *Ambaye,* 616 N.W.2d at 261.

**II.**

Even if all proceedings were resolved in Davisson's favor, his request for expungement has been overcome by clear and convincing evidence that the public's interest in not expunging his record outweighs the disadvantages to him. *See* Minn.Stat. § 609A.03, subd. 5(b) (2000) (providing that criminal records will be sealed unless the state "establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record"). This court reviews the lower court's decision on whether to expunge a record under an abuse of discretion standard. *M.B.M.,* 518 N.W.2d at 883.

The Minnesota Supreme Court has stated that the benefits of expungement to the petitioner must be weighed against the seriousness of the offense. *Ambaye,* 616 N.W.2d at 261. In this case, Davisson argues that refusal to expunge his record will jeopardize his career as an NBA coach as well as his ability to rent apartments. The trial court found that these reasons were outweighed by the interests of public safety in maintaining a record of Davisson's stalking activities. We conclude that the trial court's finding was within its discretion.

Davisson contends that there is no evidence he is a danger to public safety. We disagree and uphold the trial court's ruling in this respect. Appellant has committed a serious offense against a person and has

exhibited similar behavior in the past by stalking another woman he barely knew, and violating a court order requiring him to stay away from her. Moreover, in the present case, although appellant was required to seek treatment only if recommended after his psychological assessment, it nonetheless remains that he is an untreated offender—a specific fact the trial court noted in its conclusions. The trial court found that these circumstances outweighed the reasons advanced by Davisson for expungement, and the matter was clearly within the court's discretion.

### III.

Finally, Davisson complains that the denial of his petition to expunge is a direct result of the trial judge's prejudice toward him. The only instances appellant points to in this regard are (1) the trial judge's earlier ruling in this case that was reversed, and (2) the judge's refusal to grant him a hearing on the instant petition. These instances do not provide any support for his complaint. Davisson's claim of bias is wholly unsubstantiated and undeserved.

### DECISION

In denying expungement, the trial court properly determined that the proceedings had not been resolved in Davisson's favor within the meaning of Minn.Stat. § 609A.02, subd. 3, where the court found appellant guilty beyond a reasonable doubt, but stayed adjudication subject to conditions of probation. The state provided clear and convincing evidence that the interests of the public and public safety in denying expungement outweighed the disadvantages to Davisson.

**Affirmed.**