STATE of Minnesota, Appellant,

v.

C.P.H., Respondent.

No. A05–636.

Court of Appeals of Minnesota.

Jan. 3, 2006.

---

charged with gross misdemeanor and misdemeanor offenses. The case was continued for dismissal after six months on the conditions that C.P.H. pay court costs and commit no same or similar offenses. C.P.H. fulfilled the conditions, and the matter was dismissed on July 29, 2003.

C.P.H. filed a petition for expungement under Minn.Stat. § 609A.03 (2004). The State of Minnesota did not oppose the petition, and the Bureau of Criminal Apprehension took no position. But appellant Washington County Sheriff opposed the petition. The district court ordered expungement under Minn.Stat. § 609A.02, subd. 3 (2004). This appeal followed.

Douglas Johnson, Washington County Attorney, Richard D. Hodsdon, Assistant County Attorney, Stillwater, MN, for appellant.

John C. Brink, Brink & Gerdts, P.A., Minneapolis, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; HALBROOKS, Judge; and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

Appellant challenges the district court's decision granting respondent expungement under Minn.Stat. § 609A.02, subd. 3 (2004), and ordering appellant to seal its records. Respondent moves to seal the appellate file to give effect to the district court's expungement order. We affirm and grant the motion.

## FACTS

On December 18, 2002, respondent C.P.H. was arrested and subsequently

## ISSUE

Did the district court err in ordering expungement under Minn.Stat. § 609A.02, subd. 3 (2004), based on its finding that charges that were continued for dismissal were resolved in the petitioner's favor?

## ANALYSIS

### I.

■ Courts have both statutory and inherent authority to grant expungement relief. *State v. Davisson*, 624 N.W.2d 292, 295 (Minn.App.2001), *review denied* (Minn. May 15, 2001). In this case, C.P.H.'s petition for expungement and the district court order granting expungement were based solely on statutory grounds. Section 609A.03 governs the petition for expungement, and section 609A.02 sets forth the grounds for the expungement order.

A petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information, trial, or verdict if the records are not subject to section 299C.11, paragraph (b), [1]

1. Minn.Stat. § 299C.11(b) (2004) provides:

No petition under chapter 609A is required if the person has not been convicted

and if all pending actions or proceedings were resolved in favor of the petitioner. Minn.Stat. § 609A.02, subd. 3 (2004).

■ The only issue before us is whether a continuance for dismissal is a resolution in favor of the petitioner, as the district court found when it granted expungement under Minn.Stat. § 609A.02, subd. 3. Whether all proceedings were resolved in the petitioner's favor is a question of law, which we review de novo. *Davisson*, 624 N.W.2d at 295.

The sheriff argues that a continuance for dismissal is not a resolution in favor of C.P.H. because (1) the district court continued the matter for dismissal and placed conditions on the continuance, "effectively putting [C.P.H.] on probation in what constitutes the misdemeanor equivalent of a stay of adjudication;" (2) a stay of adjudication is not a resolution in favor of the petitioner for expungement purposes; (3) a stay of imposition of sentence under provisions such as Minn.Stat. § 609.135 is not a resolution in favor of the petitioner; and (4) the imposition of monetary sanctions precludes a finding that the case was resolved in favor of the petitioner. In light of this argument, it is important to note that, although the terms "stay of imposition," "stay of adjudication," and "continuance for dismissal" are often used interchangeably, these terms mean very different things. We begin our analysis by addressing the distinctions among these types of dispositions.

A stay of imposition of sentence is governed by Minn.Stat. § 609.135 (2004), which provides that, upon conviction in most felony, gross misdemeanor, and misdemeanor cases, a district court may stay the imposition of the sentence on certain conditions. In such cases, the defendant has pleaded guilty or been found guilty by a fact-finder and been adjudicated guilty by the district court. *See* Minn.Stat. § 609.02, subd. 5 (2004) (defining "conviction" as guilty plea or verdict or finding of guilty accepted and recorded by the court); *see generally State v. Ohrt*, 619 N.W.2d 790, 792 (Minn.App.2000) (noting that stay of imposition is treated as conviction, distinguishing it from stay of adjudication). By staying the imposition of the sentence, the district court reserves the right, in the event the defendant does not meet certain conditions, to vacate the stay and impose a sentence. *See* Minn.Stat. § 609.14, subds. 1, 3(1) (2004).

■ A stay of adjudication, which almost always requires the prosecutor's consent, is a procedure whereby the district court, upon a defendant's guilty plea or a fact-finder's determination of guilt, does not adjudicate the defendant guilty but imposes conditions of probation. *See* Minn.Stat. § 609.095(b) (2004) (providing that district court may not refuse to adjudicate defendant guilty except upon agreement of parties or as authorized by statute); *State v. Krotzer*, 548 N.W.2d 252, 254–55 (Minn.1996) (stating that district

of any [offense] either within or without the state, within the period of ten years immediately preceding the determination of all pending criminal actions or proceedings in favor of the arrested person, and either of the following occurred:

 (1) all charges were dismissed prior to a determination of probable cause; or

 (2) the prosecuting authority declined to file any charges and a grand jury did not return an indictment.

Where these conditions are met, the bureau or agency shall, upon demand, return to the arrested person finger and thumb prints, photographs, distinctive physical mark identification data, information on known aliases and street names, and other identification data, and all copies and duplicates of them.

court has inherent judicial power to stay adjudication over prosecutor's objection in special circumstances). On the successful completion of probation, the defendant avoids a criminal conviction. *Krotzer*, 548 N.W.2d at 254–55.

■■■ In contrast, a continuance for dismissal under Minn. R.Crim. P. 27.05 and Minn.Stat. § 609.132 (2004) is an agreement between the prosecutor and the defendant that prosecution will be suspended for a designated period of time on certain conditions, including that the defendant refrain from committing additional offenses and waive the right to a speedy trial. The district court does not make a finding of guilt, and the defendant does not make an admission of guilt. *See* Minn. R.Crim. P. 27.05, subd. 1(1) (providing that parties may agree prosecution will be "suspended"). At the end of the designated period, if the defendant has met the conditions, the matter is dismissed. *Id.*, subd. 7. A continuance for dismissal differs from a stay of adjudication and a stay of imposition in that it involves neither a guilty plea nor a finding of guilt.

The critical distinction in our analysis of whether the resolution was in favor of the petitioner turns on whether there has been an admission or a finding of guilt. In *City of St. Paul v. Froysland*, the appellant pleaded guilty to disorderly conduct, imposition of the sentence was stayed under section 609.135, and, at the end of the six-month probationary period, the plea was stricken, the conviction was vacated, and the charge was dismissed. 310 Minn. 268, 269, 246 N.W.2d 435, 436 (1976). The appellant, relying on Minn.Stat. § 299C.11, sought an expungement of all police records pertaining to the case. *Id.* After the city denied the request, the appellant sought a court order compelling the city to grant her request. *Id.* The district court denied the petition, holding that section

299C.11 "does not extend its protection to those who have admitted their guilt." *Id.* at 270–71, 246 N.W.2d at 436–37.

The Minnesota Supreme Court affirmed the district court's conclusion that section 299C.11 was not intended to protect those who plead guilty and held that "a dismissal of charges following a stay of imposition of sentence is not a determination in favor of the accused within the meaning of Minn. [Stat. § ] 299C.11." *Id.* at 276, 246 N.W.2d at 439; *see also State v. P.A.D.*, 436 N.W.2d 808, 809–10 (Minn.App.1989) (noting that when appellant pleaded guilty, district court stayed imposition of sentence, and conviction was vacated and dismissed, appellant was not entitled to expungement under section 299C.11), *review denied* (Minn. May 12, 1989).

■■ But when a petitioner's misdemeanor charges have been continued for one year without a guilty plea and subsequently dismissed, the dismissal is a determination in the petitioner's favor for expungement purposes under section 299C.11. *State v. L.K.*, 359 N.W.2d 305, 306–08 (Minn.App.1984). Because the petitioner did not plead guilty or otherwise admit guilt and was never tried, the petitioner's innocence must be assumed, and the dismissal therefore was a determination in the petitioner's favor. *Id.* at 308.

In *State v. Horner*, we clarified the relationship between section 299C.11 and chapter 609A, while reiterating the significance of the absence of an admission or finding of guilt. 617 N.W.2d 452, 454 (Minn.App.2000). The district court granted the Horners' chapter 609A petition for expungement after they successfully completed a pretrial diversion program and the state dismissed all charges. We stated that

Minn.Stat. § 299C.11 governs criminal identification data furnished by local law

enforcement agencies to the state bureau of criminal apprehension. Minn. Stat. § 299C.11(a). Section 299C.11(b) governs the circumstances under which no chapter 609A petition is required and records are actually returned to the arrested person on demand. *Id.* at 454; *see also State v. Ambaye*, 616 N.W.2d 256, 258 (Minn.2000) (noting that cases decided under section 299C.11 are instructive on issue of what resolved "in favor of" means under Minn.Stat. § 609A.02). And although under Minn. Stat. § 299C.11(3)(1)(ii) (2004), successful completion of a diversion program is not a "determination of all pending criminal actions or proceedings in favor of the arrested person," the proceedings were "resolved in favor of the petitioner" under Minn.Stat. § 609A.02, subd. 3, because the petitioners neither pleaded guilty nor were they found guilty. *Horner*, 617 N.W.2d at 455. Thus, while successful completion of a diversion program does not entitle a petitioner to a return of documents on demand under section 299C.11, it does not bar expungement under Minn.Stat. § 609A.02, subd. 3.

Finally, in *Davisson*, we reiterated that a resolution involving a plea or finding of guilt, even if a stay of adjudication results in dismissal, is not a resolution in favor of the petitioner within the meaning of Minn. Stat. § 609A.02, subd. 3. 624 N.W.2d at 295. Consistent with well-established precedent, we held that whether a proceeding is resolved in favor of a petitioner in a chapter 609A expungement case turns on whether there was a valid finding, through a guilty plea or guilty verdict, that the petitioner committed the charged offense. *Id.* at 296.

Contrary to the sheriff's assertion, a continuance for dismissal is neither the misdemeanor equivalent of a stay of adjudication nor the same as a stay of imposi-

tion. As addressed above, a stay of adjudication or imposition involves a finding or admission of guilt. A continuance for dismissal does not. The sheriff's argument also fails to recognize the distinction addressed in *Horner* between expungements under section 299C.11 and chapter 609A, maintaining that the *Horner* court's analysis involves "a distinction without a difference." However, the difference is notable as section 299C.11 applies when a petitioner seeks the return of documents on demand, and section 609A.02 governs those cases requiring a petition for expungement. C.P.H. did not seek a return of documents on demand under section 299C.11, but rather sought, and was granted, expungement under chapter 609A. In determining whether a case was resolved in favor of the petitioner under Minn.Stat. § 609A.02, subd. 3, the existence of an admission or finding of guilt is the deciding factor. Here, because the continuance for dismissal did not involve an admission or finding of guilt and the charges were dismissed, the case was resolved in favor of C.P.H. as required by Minn.Stat. § 609A.02, subd. 3. The district court did not err in granting the petition for expungement.

## II.

 As a final matter, C.P.H. has moved to seal the appellate file in this case. We hereby grant the motion. We are mindful that the public generally is entitled to access judicial records. But this right of access is not absolute. Court proceedings and documents enjoy a presumption of openness that ordinarily may not be overcome absent a showing that a party's constitutional rights would be at risk if the proceeding or document is made public. *In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 755 (Minn.2005). With respect to expungement in particular, the Minnesota Supreme Court has permitted

judicial records to be sealed even when a constitutional right is not at issue. *State v. C.A.*, 304 N.W.2d 353, 358–61 (Minn. 1981). In *C.A.*, the supreme court acknowledged the inherent authority "to control the performance of judicial functions," and stated that "[i]nherent judicial power governs that which is essential to the existence, dignity, and function of a court because it is a court. Part of that function is to control court records and agents of the court in order to reduce or eliminate unfairness to individuals...." *Id.* at 358 (quotation and citation omitted).

▮▮▮▮ There is no statutory mandate to make judicial records accessible to the public. Minnesota statutes requiring public access to government data do not apply to the judiciary. Minn.Stat. § 13.90, subd. 2 (2004). Rather, access to judicial branch data is governed by the Rules of Public Access to Records of the Judicial Branch, promulgated by the Minnesota Supreme Court on July 1, 1988, and amended on July 1, 2005. *See id.* Under the rules, all court records are presumed to be open to the public, but some records are not accessible absent a court order. Minn. R. Pub. Access to Recs. of Jud. Branch 2. Case records may be made inaccessible to the public pursuant to court rules or orders. Minn. R. Pub. Access to Recs. of Jud. Branch 4, subd. 1(f)(2). A list of such commonly inaccessible records is maintained on the Minnesota Judicial Branch website, and the list includes records that have been expunged. Access to Case Records Table, http://www.courts.state.mn.us/rules/publicaccess/case.doc. Accordingly, it is neither contrary to public policy nor public expectation to seal a file containing information that is the subject of an expungement order.

▮▮▮▮ "Expungement means to 'erase all evidence of the event as if it never occurred....' " *State v. M.B.M.*, 518 N.W.2d 880, 882 (Minn.App.1994) (quoting *Barlow v. Comm'r of Pub. Safety*, 365 N.W.2d 232, 233 (Minn.1985)). If an expungement order does not completely eliminate the public's access to the sealed records, it has not achieved its statutory purpose. Here, the district court's expungement order sealed all "official records, including all records relating to the ... investigation, arrest, complaint, court appearance and continuance for dismissal...." Because the appellate court file is replete with references to C.P.H.'s identifying information, as well as the underlying criminal charges, the appellate court file must be sealed in order to give any meaningful effect to the district court expungement order and to prevent unfairness to C.P.H.

In order to preserve the public's access to the arguments presented for consideration in this appeal, we order the parties to refile their briefs absent any reference to C.P.H.'s identifying information or the underlying criminal charges.[2] The amended briefs shall be filed with this court within 30 days of the filing of this opinion. The amended briefs will then become the public appellate file. The original briefs and the remainder of the original appellate file shall be kept in a separately bound confidential appellate file. This resolution provides a balanced solution that respects the public's right to access judicial records while giving full effect to the district court's expungement order and preventing unfairness to C.P.H.

2. Because any references to C.P.H.'s identifying information or the underlying criminal charges, other than the terms of the disposition, are not relevant to our consideration of this appeal, their absence will not affect the quality of the substantive issues presented in the public appellate file.

## DECISION

Because the charges against respondent were continued for dismissal and subsequently dismissed without an admission or finding of guilt, the proceedings were resolved in favor of respondent. Accordingly, the district court did not err in granting the petition for expungement under Minn. Stat. § 609A.02, subd. 3 (2004). We grant respondent's motion to seal the appellate file and order the parties to refile their briefs and appendices, if any, without any reference to respondent's identifying information or the underlying criminal charges.

**Affirmed; motion granted.**