710 N.W.2d 587 (2006)
STATE of Minnesota, Appellant,
v.
A.C.H., Respondent.
No. A05-1405.
Court of Appeals of Minnesota.
March 21, 2006.
*588 Mike Hatch, Attorney General, St. Paul, MN, and Doug Johnson, Washington County Attorney, Richard D. Hodsdon, Assistant County Attorney, Stillwater, MN, for appellant.
Randy V. Thompson, Nolan, MacGregor, Thompson & Leighton, St. Paul, MN, for respondent.
Considered and decided by MINGE, Presiding Judge, TOUSSAINT, Chief Judge, and CRIPPEN, Judge.

OPINION
CRIPPEN, Judge.[*]
The state appeals an order granting respondent's petition to expunge executive-branch records, contending that the proceedings were not decided in favor of respondent.[1] Because the expungement in the circumstances of this case is not permitted by statute or pursuant to the court's inherent powers, we reverse.

FACTS
In July 2001, respondent A.C.H. and three other young adults stole golf equipment from Tartan Park Golf Course. Approximately two months after the theft, and after they admitted their offense and attempted restitution, the youths were charged with felony theft. Police eventually recovered nearly all the items, and respondent's share of restitution amounted to $65.65.
Respondent subsequently entered a guilty plea. During the proceedings, when questioned by the prosecutor, respondent replied, "Yes" to the statement that the youths were "stealing" property and acknowledged as "[c]orrect" the statement *589 that he made no claim of innocence. Following the plea and admission, although its validity is evident in the record, the district court announced, "I don't accept the plea at this point in time." The court explained that upon respondent's completion of a diversion program, he would be discharged without a conviction. One year later, after successfully completing the diversion program, the complaint was dismissed.
On respondent's 2005 petition, the district court granted expungement, citing both statutory authority and the court's inherent authority.

ISSUE
Is the court permitted to expunge executive-branch records after the defendant has entered a guilty plea and admitted his guilt?

ANALYSIS
The district court has the authority to grant expungement statutorily and through its inherent power. State v. Ambaye, 616 N.W.2d 256, 258 (Minn.2000).

1. Statutory Expungement
Under Minn.Stat. § 609A.02, subd. 3 (2004), a petition seeking expungement to seal specific records may be filed "if all pending actions or proceedings were resolved in favor of the petitioner." This court reviews de novo the question of law whether pending actions or proceedings were resolved in a petitioner's favor. State v. Davisson, 624 N.W.2d 292, 295 (Minn.App.2001), review denied (Minn. May 15, 2001).
On the one hand, it is well settled under Minnesota law that a stay of prosecution in advance of a plea is resolved in favor of a defendant when the complaint later is dismissed. State v. C.P.H., 707 N.W.2d 699, 703 (Minn.App.2006). On the other hand, dismissal after acceptance of a plea and a finding of guilt, most commonly when imposition of sentencing is stayed, is not a resolution in the defendant's favor;[2] we have reached this result where a guilty plea was followed by a court finding of guilt but without an actual adjudication of the conviction. Davisson, 624 N.W.2d at 296.
Respondent contends that the cases establish a bright line whereby the matter is resolved in favor of the defendant so long as the court does not uphold the guilty plea, either with announcement of a finding or an adjudication. He argues that this approach, tantamount to applying the statute whenever there is no conviction, upholds the sound public policy of the statute.
Examining the proceedings, it is evident that respondent's plea and admission provided the court a lawful basis for *590 an adjudication followed by sentencing or a stay of sentencing. And the absence of a court finding or adjudication does nothing to diminish the extent to which respondent made himself subject to the sentencing powers of the court. In the later event of any violation of conditions of the stayed acceptance of the plea, the court remained empowered, without any further steps, to adjudicate and sentence in the case. Because these circumstances substantially resemble those when merely the sentence is stayed, we conclude that proceedings were not resolved in respondent's favor.
This decision harmonizes with Davisson, where the district court stayed adjudication but after having first made a finding of guilt. Id. at 294. Later, after the matter was dismissed without further adjudication, the district court denied defendant's request for expungement. Id. Affirming the decision, this court held that the resolution was not in defendant's favor. Id. at 297. In the immediate case, as in Davisson, the district court stay did not diminish the extent to which the defendant had submitted himself to the powers of the court.
Addressing relevant policy concerns, respondent emphasizes the aim of the statute is to extend a second chance to minor offenders. He asserts that expungement does little harm to law-enforcement records because, even if the records are expunged, law enforcement can access the records through an ex parte court order. We are in no position to act on these policy concerns and thereby disregard precedents such as Davisson; P.A.D., and Froysland in resolving this case.
Finally, respondent argues that there is evidence of legislative intent supporting expungement of his records under Minn. Stat. § 609A.02. Respondent's rationale dwells on Minn.Stat. § 299C.11, an expungement statute directed at a specific form of recordkeeping. Because the legislature narrowed the scope of that statute, which provides for destruction or return of records, by expressly stating that diversion decisions were not resolved in the defendant's favor, respondent reasons that the legislature signaled a broader scope for Minn.Stat. § 609A.02, for which this exclusion was not made and which provides for the less-severe remedy of sealing the records. But this reasoning is speculative, unsupported by precedent, and in conflict with both the plain meaning of Minn.Stat. § 609A.02 and the established practice of using the interpretation of the resolved-in-favor language in Minn.Stat. § 299C.11 in construing the same clause in Minn.Stat. § 609A.02. Ambaye, 616 N.W.2d at 259.[3]

2. Inherent Power
Appellant also argues that the district court erred when it used its inherent power to expunge respondent's non-judicial records from the executive branch. A district court's exercise of inherent judicial power to expunge is a matter of equity, which this court reviews under an abuse-of-discretion standard. Ambaye, 616 N.W.2d at 261.
The Minnesota Supreme Court has recognized inherent expungement authority "affecting court records and agents of the court" but has directed that the courts *591 "proceed cautiously in exercising that authority in order to respect the equally unique authority of the executive and legislative branches of government over their constitutionally authorized functions." State v. C.A., 304 N.W.2d 353, 358-59 (Minn.1981). This court reiterated that "the function of preparing and maintaining criminal records is a unique constitutional function of the executive branch." State v. Schultz, 676 N.W.2d 337, 343 (Minn.App. 2004) (quoting State v. T.M.B., 590 N.W.2d 809, 812 (Minn.App.1999)), review denied (Minn. June 16, 1999).
The Schultz court upheld the determination that a court's inherent power to expunge non-judicial executive records exists only where there is "evidence of an injustice resulting from an abuse of discretion in the performance of a governmental function." Id. (citing T.M.B., 590 N.W.2d at 813). Enlarging this observation, the court restated that intrusion into the executive function could occur only when "essential to the existence, dignity, and function of the court," a circumstance arising "only when a petitioner's constitutional rights have been violated." Id.
Respondent argues that P.A.D. announces broader standards than stated in T.M.B. and Schultz. Expressly recognizing this prospective citation of P.A.D., the Schultz court demanded that it "must be read cautiously [and] construed narrowly." Schultz, 676 N.W.2d at 343.
On the standards last enunciated in Schultz, there is no authority for the district court to expunge the executive-branch records of respondent. Respondent has not shown that his constitutional rights are at stake or that other extraordinary cause requires the court's exercise of authority over records of the executive branch.
Finally, respondent argues that C.A. implies the district court's authority to order that records held by the executive branch, which are currently available to the public, be classified non-public, limiting their use to law enforcement needs. This argument, which might more properly be brought under the Data Practices Act, was not presented to the district court and cannot be addressed in this appeal. Thiele v. Stich, 425 N.W.2d 580, 582 (1988).

DECISION
Although the district court did not accept respondent's guilty plea, respondent pleaded guilty and admitted to committing the crime. In these circumstances, even though the court elected against acting on the plea when it was submitted, the resolution was not in favor of the defendant, and expungement of executive-branch records, therefore, was not authorized.
Reversed.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.
[1] The state does not dispute the district court's order that respondent's judicial records be expunged and sealed.
[2] See City of St. Paul v. Froysland, 310 Minn. 268, 276, 246 N.W.2d 435, 439 (1976); see also State v. P.A.D., 436 N.W.2d 808, 809-10 (Minn.App.1989) (stating that where a defendant pleaded guilty, the district court stayed the imposition of her sentence, and eventually her conviction was vacated and dismissed, defendant was not entitled to expungement), review denied (Minn. May 12, 1989). Respondent questions the authority of these precedents insofar as they address the similar resolved-in-favor clause stated in Minn.Stat. § 299C.11 (2004), an expungement statute directed to specific records. Respondent speculates, as discussed elsewhere in this opinion, that Minn.Stat. § 299C.11 is viewed more narrowly than Minn.Stat. § 609A.02 because the former statute provides for destruction or return of records, not merely sealing them. But there is no authority for acting on this distinction between these statutes, and the appellate courts, as appellant observes, have found section 299C.11 "instructive in understanding the statutory language set forth in section 609C.02, subd. 3." Ambaye, 616 N.W.2d at 259.
[3] Respondent points to State v. M.B.M., 518 N.W.2d 880, 883 (Minn.App.1994), where we addressed the limited application of Minn. Stat. § 299C.11. But M.B.M. upheld sealing under the unique language of Minn.Stat. § 152.18 (2004), which does not rest on the concept of proceedings resolved in favor of the petitioner. Id. M.B.M. does not address Minn.Stat. § 609A.02 and does not suggest an interpretation of this section in a fashion that conflicts with our analysis in this case and in others determining whether a proceeding is resolved in favor of the defendant.