**STATE of Minnesota, Appellant,**

v.

**J.Y.M., Respondent.**

No. A05–1096.

Court of Appeals of Minnesota.

March 28, 2006.

Doug Johnson, Washington County Attorney, Richard Hodsdon, Assistant County Attorney, Stillwater, MN, for appellant.

Jonathan Geffen, Southern Minnesota Regional Legal Services, St. Paul, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge; STONEBURNER, Judge; and COLLINS, Judge.*

## OPINION

STONEBURNER, Judge.

The state challenges an order sealing non-court records related to respondent's criminal prosecution for felony theft, arguing that because respondent entered a plea of guilty to the charge as a condition of the state's agreement to his participation in a diversion program, respondent cannot meet the statutory prerequisite to expungement that "all pending actions or proceedings were resolved in favor" of the respondent under Minn.Stat. § 609A.02, subd. 3 (2004).

## FACTS

Respondent J.Y.M. was charged with aiding and abetting theft in connection with an attempt to use counterfeit receipts to steal property valued at more than $2,500 from Sam's Club. Respondent was conditionally accepted into an adult diversion program. Fifteen days later, respondent pleaded guilty under a plea agreement. The plea petition cryptically describes the substance of the plea agreement as: "plea of guilty and client is accepted into adult diversion." At the plea hearing, the district court explained, prior

---

* Retired judge of the district court, serving the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

to entry of a plea, that acceptance of the plea would be "deferred on the grounds that you comply with all [diversion program] conditions." Respondent then waived all of the rights associated with trial, pleaded guilty, and provided a factual basis for the plea. The district court then stated: "I do find that [respondent] did commit acts which constitute aiding/abetting theft ... I will accept his plea and adjudicate his guilt if he fails diversion."

Respondent successfully completed the diversion program, and the state dismissed the complaint. Approximately five months later, respondent petitioned for expungement of all records under Minn.Stat. § 609A.03 (2004) for "employment and license" purposes. The state answered the petition, opposing expungement on the ground that the proceeding was not resolved in respondent's favor and therefore he did not meet the requirements of the expungement statute. At the expungement hearing, respondent argued that the case was resolved in his favor, and expungement would benefit him more than it would burden the public because he is a translator for state and federal courts, the Department of Defense, and the United States Army. The state rested on its written memorandum in opposition to expungement, which did not address the benefit-burden test.

The district court found that the criminal case was resolved in respondent's favor and that the interests of public safety did not outweigh the disadvantages to respondent of not sealing the records. The district court ordered that all official records regarding the charge against respondent be sealed. The state now appeals the sealing of non-court records.[1]

## ISSUES

1. Did the district court err in concluding that the criminal proceedings against respondent were resolved in his favor under Minn.Stat. § 609A.02, subd. 3 (2004)?

2. Did the district court abuse its discretion by finding that public interests do not outweigh the disadvantages to respondent of not sealing the record?

## ANALYSIS

Under Minn.Stat. § 609A.02, subd. 3 (2004), the district court may only order the sealing of all records relating to an arrest if the proceedings were resolved in favor of the person petitioning for expungement. Whether all proceedings were resolved in a petitioner's favor is a question of law reviewed de novo. *State v. Davisson*, 624 N.W.2d 292, 295 (Minn.App. 2001), *review denied* (Minn. May 15, 2001). "The critical distinction in our analysis of whether the resolution was in favor of the petitioner turns on whether there has been an admission or a finding of guilt." *State v. C.P.H.*, 707 N.W.2d 699, 703 (Minn.App. 2006); *see also City of St. Paul v. Froysland*, 310 Minn. 268, 275–76, 246 N.W.2d 435, 439 (1976) (concluding that statute was not intended to protect those who pleaded guilty and that "innocence, which would ordinarily be concluded from acquittal or dismissal of charges, does not result when ... the guilt of a crime is admitted").

In the case before us, it is undisputed that, under a plea agreement with the prosecutor, respondent pleaded guilty to the charge against him on the record and provided a factual basis for the plea. The district court made a finding, based on

1. The state concedes that the district court has inherent authority to expunge court records.

the plea, that respondent committed acts that constituted guilt of the crime charged. The district court deferred accepting the plea unless respondent failed to comply with all diversion program conditions. Respondent successfully completed the diversion program, and the state dismissed the charge.

Respondent argues that because the district court did not accept the guilty plea and the charges were ultimately dismissed, the proceeding was resolved in his favor for purposes of Minn.Stat. § 609A.02, subd. 3. But the case law supports expungement under the statute only when there has not been an admission of guilt. *Compare State v. Horner*, 617 N.W.2d 452, 453–55 (Minn.App.2000) (holding that case was resolved in defendants' favor where state suspended prosecution, defendants never pleaded guilty, diversion requirements were met, and state dismissed all charges), *and State v. L.K.*, 359 N.W.2d 305, 307–08 (Minn.App.1984) (holding that proceeding was resolved in defendant's favor because defendant did not plead or admit guilt, charge was not prosecuted, court dismissed charges, and innocence was presumed), *with Davisson*, 624 N.W.2d at 294–96 (holding that proceeding was not resolved in defendant's favor where court made finding of guilt, stayed adjudication, and dismissed the charge on completion of probation), *and State v. M.B.M.*, 518 N.W.2d 880, 883 (Minn.App. 1994) (stating that dismissal after plea of guilty is similar to pardon, not declaration of innocence and therefore proceeding not resolved in favor of defendant). Based on the case law, we conclude that the district court's deferred acceptance of a valid guilty plea is not equivalent to a defendant not admitting guilt or pleading guilty to a criminal charge for purposes of the expungement statute.

Respondent argues that he was unlawfully required to enter a plea of guilty under the plea agreement because the pretrial diversion program into which he was admitted is only available to individuals who have not entered a guilty plea. *See* Minn.Stat. § 401.065, subd. 1(i) (2004) (defining "offender" eligible for pretrial diversion as a person who "has not yet entered a plea in the proceedings"). But respondent did not object to the plea agreement, which conditioned the diversion process on entry of a guilty plea, and this court generally will not decide issues that were not raised before the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996).

Respondent also asserts that evidence of his plea was inadmissible at the expungement proceeding under Minn. R.Crim. P. 15.06, which provides that an unaccepted guilty plea is inadmissible in any criminal, civil, or administrative proceeding. But at the expungement hearing, respondent failed to object to the state's argument, which was based on the entry of his plea, and respondent's counsel informed the district court at that hearing that respondent had entered a guilty plea. We conclude, therefore, that respondent has waived any objection to the admissibility of the plea. *Id.*

Because we conclude that respondent's entry of a guilty plea precludes a determination that the proceedings were resolved in his favor, the district court erred in ordering all of the records sealed. We therefore do not reach the district court's finding that the public interests served by not sealing the records do not outweigh the disadvantages to respondent. If we were to reach that issue, we would conclude that the district court did not abuse its discretion given the state's failure to make any argument on this issue and based on the evidence in the record.

## DECISION

Because respondent admitted his guilt to the crime charged, the criminal proceedings were not resolved in his favor for purposes of expungement of non-court records under Minn.Stat. § 609A.02, subd. 3.

The order for expungement of non-court records is reversed.

**Reversed.**