*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2341**

State of Minnesota,
Appellant,

vs.

D. J. L.,
Respondent.

**Filed September 2, 2014
Reversed
Ross, Judge**

Wright County District Court
File No. 86-K4-03-001055

Joseph Kaminsky, Brooklyn Center, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Assistant County Attorney, Buffalo, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

D.J.L. entered an *Alford* guilty plea to a domestic-assault charge in 2003. He complied with the conditions of his probation, and the district court eventually dismissed

the charge. Ten years later, a district court granted D.J.L.'s petition to expunge his records. Because statutory expungement requires the petitioner's subject case to have been resolved in the petitioner's favor and the district court erred by holding that D.J.L.'s criminal case had been resolved in his favor, we reverse.

## FACTS

In February 2003 D.J.L.'s son, N.D.L., went to school with injuries consistent with child abuse. He told a child-protection agent that D.J.L. had punched him in the head, face, arms, and stomach after he refused to dress for church. The state charged D.J.L. with malicious punishment of a child and fifth-degree domestic assault.

D.J.L. agreed to enter an *Alford* guilty plea to the domestic-assault charge in exchange for the state's dropping the malicious punishment charge and staying adjudication of the domestic assault charge. If D.J.L. complied with certain conditions for a year, the state would also dismiss the domestic-assault charge. The district court found that the factual basis for the *Alford* plea was established and continued the case for one year "without judgment of guilt" so long as D.J.L. complied with conditions. D.J.L. satisfied the conditions, and the district court dismissed the domestic-assault charge in July 2004.

In 2011, Canadian authorities prohibited D.J.L. from entering Canada for a fishing trip due to his criminal record. In May 2013, D.J.L. petitioned the district court to expunge or seal all records related to the February 2003 incident. The bureau of criminal apprehension objected to expungement, arguing that D.J.L. was not eligible for statutory

expungement and the district court lacked the authority to expunge executive-branch records.

D.J.L. amended his petition, asserting that he did not understand that he was actually pleading *guilty* and arguing that refusing to expunge his executive-branch records would contradict public policy. D.J.L. argued at a hearing that the stay of adjudication and eventual dismissal constituted a result in his favor, qualifying him for statutory expungement. The state presented very little evidence, relying solely on a letter that an assistant county attorney had written and supposedly sent to the district court. The district court could not locate the letter.

The district court implicitly found that D.J.L.'s stay of adjudication and the dismissal constituted a resolution in his favor. It did not discuss the expungement factors of how the record affected D.J.L.'s employment or housing, the seriousness of the offense, or the risk D.J.L. posed to the public. It also did not explain how D.J.L.'s constitutional rights might have been infringed. It did discuss D.J.L.'s lack of other offenses, and it referred to his rehabilitation. The district court ordered all records expunged, including records located within the executive branch. The state appeals.

## DECISION

The state maintains that the district court erred by ordering the expungement. It contends that an essential element of statutory expungement was not met because the domestic assault case was not resolved in D.J.L.'s favor. It maintains also that the district court acted beyond its inherent authority by ordering executive branch records expunged.

3

It finally argues that the district court failed to make the fact findings necessary to order expungement of judicial-branch records under its inherent authority.

# I

The state argues that the domestic assault charge was not resolved in D.J.L.'s favor. A defendant can prevail on a petition for expungement on statutory grounds only "if all pending actions or proceedings were resolved in [his] favor." Minn. Stat. § 609A.02, subd. 3 (2012). Whether this element has been met is a question of law we review de novo. *State v. Davisson*, 624 N.W.2d 292, 295 (Minn. App. 2001), *review denied* (Minn. May 15, 2001).

The district court apparently believed that because the domestic assault charge was eventually dismissed, the case resolved in D.J.L.'s favor. But when a defendant pleads guilty, the charge is not resolved in his favor and statutory expungement is not available. *Id.* at 295–96. This is the rule even when there is a stay of adjudication. *Id.* at 296. Whether the district court accepts the plea is irrelevant. *State v. A.C.H.*, 710 N.W.2d 587, 589–90 (Minn. App. 2006). We ask only whether the defendant subjected himself to the court's sentencing authority. *See id.* at 590. Also irrelevant is whether the charge was eventually dismissed after a guilty plea. *Davisson*, 624 N.W.2d at 296.

D.J.L. asserts that because the district court never accepted his guilty plea the case was resolved in his favor, citing *State v. Horner*, 617 N.W.2d 452 (Minn. App. 2000). *Horner* is inapposite. In *Horner*, the defendants "never pleaded guilty." *Id.* at 455. D.J.L. entered an *Alford* guilty plea and the district court made a finding of guilt. When D.J.L.

4

made his plea, he submitted himself to the court's sentencing authority. The charge was not "resolved in [his] favor," and D.J.L. is ineligible for statutory expungement.

## II

The state contends that the district court lacked inherent authority to expunge D.J.L.'s executive branch records and that it failed to make sufficient factual findings to warrant expungement of judicial-branch records. But it appears that the district court attempted to exercise only its statutory authority. First, the district court made no findings that would indicate it intended to exercise its inherent authority. A district court exercising its inherent authority to expunge records considers five factors: the difficulties a defendant has in securing employment or housing as a result of his criminal records, "the seriousness and nature of the offense," the risk the petitioner poses to the public and the public's right to access records, the petitioner's additional offenses or rehabilitative efforts, and any "other objective evidence of hardship under the circumstances." *State v. H.A.*, 716 N.W.2d 360, 364 (Minn. App. 2006). The district court discussed only one of these five factors. Second, the district court's expungement order affected executive-branch records. But district courts have no inherent authority to expunge records maintained in the executive branch unless the petitioner's constitutional rights were violated. *See State v. M.D.T.*, 831 N.W.2d 277, 280–81 (Minn. 2013). D.J.L. failed to show any constitutional infringement. Because the district court did not exercise its inherent authority, we do not address the state's arguments alleging that it did so erroneously.

**Reversed.**

5