WORKE, Judge (dissenting)
Because the October 2007 order sealing the judicial records of Bergman's January 1996 conviction for misdemeanor domestic assault pursuant to the district court's inherent authority had no effect upon executive branch records of the conviction, I respectfully dissent on the basis that Bergman's conviction was not expunged within the meaning of state law.
Under the canons of statutory construction, technical words and phrases are construed in accordance with their special meaning. Minn. Stat. § 645.08(1) (2018). "Expungement means to erase all evidence of the event as if it never occurred." State v. C.P.H. , 707 N.W.2d 699, 705 (Minn. App. 2006) (quotations omitted). The majority relies on the Black's Law Dictionary definition of "expunge," meaning to "erase or destroy," and the related definition of "erase" to mean to "seal (criminal records) from disclosure." Because the district court's October 2007 order sealed the judicial record and instructed the court administrator to refrain from disclosing the record absent a court order or statutory authorization, the majority holds that the *119 October 2007 order satisfies the plain and ordinary meaning of the word "expunge."
However, Minnesota caselaw distinguishes statutory expungements under chapter 609A from expungements pursuant to a court's inherent judicial authority. "[T]he authority the judiciary has to control its own records does not give the judiciary inherent authority to reach into the executive branch to control what the executive branch does with records held in that branch, even when those records were created in the judiciary." State v. M.D.T. , 831 N.W.2d 276, 282 (Minn. 2013). "A district court may order executive-branch agencies to seal their records only if a petitioner for expungement is eligible under Minn. Stat. § 609A.02 and the court finds clear and convincing evidence that it would yield a benefit to the petitioner commensurate with the disadvantages to the public and public safety." State v. C.W.N. , 906 N.W.2d 549, 552 (Minn. App. 2018) (emphasis added) (quotation omitted).
When Bergman petitioned for expungement in 2007, the district court determined that he was ineligible[1] for statutory expungement and used its inherent authority to seal his judicial records. Therefore, because executive-branch records of Bergman's conviction remain unaffected by the 2007 district court order, the conviction was not "expunged" within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii) (2018). See C.P.H. , 707 N.W.2d at 705 ("If an expungement order does not completely eliminate the public's access to the sealed records, it has not achieved its statutory purpose.").
Here, all evidence of Bergman's prior conviction was not erased as if it never occurred. Even though the judicial records of Bergman's offense were sealed by court order in 2007, the offense still appeared on a background check in January 2018, which provided the basis for the Isanti County Sheriff's denial of Bergman's firearm permit application. If the offense were truly expunged, the conviction would not show up on a routine background check. To adopt the majority's reasoning and overlook the fact that evidence of Bergman's conviction is readily obtainable negates the legislative intent to deny permits to carry to individuals convicted of domestic violence crimes.
Because Bergman was excluded from possessing a firearm under federal law due to his un-expunged misdemeanor domestic violence conviction, 18 U.S.C. § 922(g)(9) (2018), I respectfully dissent on the basis that Minn. Stat. § 624.714, subd. 2(b)(4)(ix) (2018), required the sheriff to deny Bergman's firearm permit application. Therefore, the district court's denial of Bergman's petition for a writ of mandamus directing the sheriff to issue the permit was appropriate.

In 2014, the legislature amended Minn. Stat. § 609A.02, subd. 3(a)(3), to allow for statutory expungement of a misdemeanor conviction. 2014 Minn. Laws ch. 246, § 6, at 812. Therefore, Bergman is at least eligible to petition for statutory expungement, which, if granted, would afford him the relief he seeks. While the 2014 amendments to section 609A.02 contained a subdivision 3(c), which excluded domestic assault from expungement under Minn. Stat. § 609A.02, subd. 3(a)(3), by its own terms that section expired on July 15, 2015. Id. at 814.